Joseph G. Dicks, SBN 127362
Linda G. Workman, SBN 128621
DICKS & WORKMAN ATTORNEYS AT LAW, APC
750 B Street, Suite 2720
San Diego, California 92101
Telephone: (619) 685-6800
Facsimile: (619) 557-2735
Email:  jdicks@dicks-workmanlaw.com
          lworkman@dicks-workmanlaw.com

Attorneys for MICKAIL MYLES, Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKAIL MYLES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,<br><br>Defendants. | Case No. **'15CV1985 BEN BLM**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND JURY DEMAND FOR:**<br><br>1) **ASSAULT;**<br>2) **BATTERY;**<br>3) **FALSE ARREST;**<br>4) **FALSE IMPRISONMENT;**<br>5) **VIOLATION OF STATUTE: CIVIL CODE §§ 51.7; 52.1;**<br>6) **VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983;**<br>7) **VIOLATION OF CIVIL RIGHTS: 42 U.S.C. §§ 1985 (2) and (3);**<br>8) **VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1986;**<br>9) **NEGLIGENCE; and,**<br>10) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

# I.  **INTRODUCTION**

1.    On September 5, 2014, Plaintiff MICKAIL MYLES (hereinafter "MYLES") was unlawfully profiled, stopped, detained, hand-cuffed, assaulted, battered, beaten, bitten, berated, defamed, falsely arrested, falsely imprisoned, cited and threatened to be charged with crimes he did not commit, by armed, uniformed, on-duty law enforcement officers, solely because he was a black man driving his own car to his family home in a predominately white neighborhood in Fallbrook, California.

2.    At all times during the perpetuation of this abuse, Plaintiff's individual abusers were acting under color of law and authority and in the course and scope of their employment, agency, and capacity as sworn law enforcement officers screened, hired, trained, employed, acting on behalf of, and supervised by the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants.

3.    To this day, despite not having been prosecuted with any criminal conduct, Defendants have denied MYLES a copy of the police and arrest reports regarding this incident, advising Plaintiff that charges against him may still be filed, and that as a suspect yet to be formally charged, he is not entitled to the reports.  Thus, not only has MYLES been unlawfully denied the information which would identify  all law enforcement personnel and agencies that unlawfully profiled, stopped, detained, hand-cuffed, assaulted, battered, beat, bit, berated, defamed, falsely arrested, imprisoned, cited and threatened to charge him with crimes he did not commit, the threat of a baseless prosecution against him for crimes he did not commit is purposefully being hung over his head in an effort to dissuade him from attempting to hold Defendants responsible for their unlawful, unconstitutional, despicable, racist, bigoted and malicious behavior. When MYLES finally learns, through discovery, the names of his additional abusers, he reserves the right to amend this Complaint to name those abusers as

1  defendants in this civil rights action.

2  4.  MYLES' civil rights action seeks compensatory and punitive

3  damages, as well as injunctive relief, against the individuals that physically and

4  psychologically abused him, as well as the superiors, supervisors, trainers, and

5  screeners who knew of the prior tendencies of  Plaintiff's abusers toward bigoted

6  and violent behavior and yet covered for and continued to allow them to violate

7  the civil rights of vulnerable minority men and women they encountered during

8  the course and scope of their duties as sworn law enforcement officers employed

9  by the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF

10  SAN DIEGO, and other Defendants.

11  5.  In addition, MYLES seeks compensatory damages for civil rights

12  violations committed by the SAN DIEGO COUNTY SHERIFF'S

13  DEPARTMENT, COUNTY OF SAN DIEGO, and their employees, and other

14  law enforcement agencies, and their employees.  MYLES also seeks injunctive

15  relief in the form of an independent monitor to oversee and reform the operations

16  of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF

17  SAN DIEGO, and other law enforcement agencies, which continue to create and

18  implement unwritten official policies, customs and practices that violate the civil

19  rights of minority citizens and cover-up the same and similar illegal and

20  unconstitutional practices of fellow law enforcement personnel.

21  **II.  JURISDICTION AND VENUE**

22  6.  Venue is proper in this judicial district per 28 U.S.C. § 1391(b)(1)

23  and (2) because one or more of the defendants resides in this judicial district, and

24  a substantial part of the events or omissions giving rise to the claim occurred in

25  this judicial district.

26  7.  Jurisdiction is proper in this Court per 28 U.S.C. § 1331.

27  **III.  PARTIES**

28  8.  Plaintiff, MICKAIL MYLES, is an individual, and at all times

1    relevant to the matters alleged herein, was over the age of eighteen.

2         9.     Plaintiff is informed and believes that Defendant COUNTY OF

3    SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S

4    DEPARTMENT, is a public entity.  Plaintiff has complied with all relevant and

5    applicable claims statutes.

6         10.     Plaintiff is informed and believes that Defendant DEPUTY J.

7    BANKS is an individual residing in San Diego and at all times relevant was an

8    employee and agent of the SAN DIEGO COUNTY SHERIFF'S

9    DEPARTMENT, COUNTY OF SAN DIEGO, acting in the course and scope of

10    said agency and employment.

11         11.     Plaintiff is informed and believes that there are other Defendants

12    which are entities or individuals who are in some manner legally responsible for

13    the wrongdoing alleged in this Complaint, and were a substantial factor in

14    causing Plaintiff's damages.  Plaintiff does not know the true names of said

15    Defendants.  Plaintiff reserves the right to amend this Complaint to add the

16    names, capacities and relationship of said unknown Defendants when they are

17    known.

18                **IV.    GENERAL ALLEGATIONS**

19         12.     A significant series of transactions or events that form the basis of

20    Plaintiff's claims as alleged herein occurred in or about the years when

21    Plaintiff's abusers were tested, screened, examined, evaluated and hired by the

22    SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN

23    DIEGO, and other Defendants, individuals and entities, as sworn law

24    enforcement officers, with all of the powers, responsibilities and duties attendant

25    thereto.  Unfortunately for Plaintiff and other unsuspecting victims of the illegal

26    and unconstitutional law enforcement practices of these officers, as more

27    specifically set forth below, Plaintiff is informed and believes and thereon

28    alleges that the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT,

COUNTY OF SAN DIEGO, and other Defendants, individuals, and entities, failed to properly test, screen, examine or evaluate said officers prior to their hiring or during the course of their employment.  As a consequence of that failure, the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, individuals, and entities, failed to properly identify said officers for what they were – dangerous, racist, bigoted, abusive and violent predators.  Plaintiff is informed and believes, and thereon alleges that had the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, individuals, and entities, properly tested, screened, examined and evaluated said officers prior to their hiring or during the course of their employment, they never would have been hired or have been able to continue their employment, and therefore could not have committed the acts alleged herein.  Furthermore, throughout the course of their employment, Plaintiff is informed and believes, and thereon alleges that the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, individuals, and entities, failed to properly train, monitor, control, report, discipline, or otherwise supervise said officers, so as to prevent the illegal and unconstitutional law enforcement practices that resulted in injury to Plaintiff.

13.    Plaintiff is informed and believes, and thereon alleges that there exists an additional series of significant transactions and events that form the basis of Plaintiff's claims as alleged herein, which was the establishment, usage, implementation, application, enforcement and promulgation, through cover-up, conspiracy, approval, encouragement, ratification, and other related conduct, of unwritten official policies, customs and practices by said officers, their peers, supervisors and superiors, and by the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, individuals, and entities, which provided said officers with the feeling and belief

1  that their conduct, as illegal as it was, was not going to be punished and would

2  instead be protected as a privilege of their position as law enforcement officers.

3  While "Keeping the Peace" may have been the motto affixed to the COUNTY

4  OF SAN DIEGO's patrol cars, Plaintiff is informed and believes and thereon

5  alleges that unwritten official policies, customs, and practices existed, and

6  continue to exist within the SAN DIEGO COUNTY SHERIFF'S

7  DEPARTMENT, COUNTY OF SAN DIEGO, which allowed said officers to

8  abuse, both physically and verbally, vulnerable minority members of the public,

9  including Plaintiff, if they so desired, as long as they took steps to avoid getting

10  caught. These unwritten official policies, customs, and practices allowed said

11  officers to feel entitled to repeatedly target, profile, stop, detain, harass, falsely

12  arrest, falsely imprison, assault, batter, abuse, defame and otherwise violate the

13  civil rights of minority citizens in the County of San Diego without fear of

14  reprisal by law enforcement peers, supervisors, and superiors, and by the SAN

15  DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO,

16  and other Defendants, individuals, and entities.  In accord with these unwritten

17  official policies, customs, and practices, said officers selected for their victims

18  men and women who were minorities and who because of their skin color said

19  officers believed were "out of place" in predominantly white neighborhoods. If

20  faced with a report of police misconduct, said officers felt immune from

21  professional or legal consequences, believing they could fall back on the racism

22  of fellow abusers, as well as the cover-up practices of law enforcement

23  colleagues, supervisors, the SAN DIEGO SHERIFF'S DEPARTMENT,

24  COUNTY OF SAN DIEGO, and other Defendants, individuals, and entities, who

25  strictly adhered to a "Code of Silence."

26          14.    Plaintiff is informed and believes, and thereon alleges that an

27  additional series of significant transactions and events that form the basis of

28  Plaintiff's claims as alleged herein was the serial targeting, profiling, stopping,

1   detainment, harassment, false arrest, false imprisonment, assault, battery, abuse,

2   defamation and other violations of the civil rights of minority citizens of the

3   County of San Diego by said officers, which conduct was encouraged,

4   authorized, and ratified by peers, supervisors and superiors, and by the SAN

5   DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO,

6   and other Defendants, individuals, and entities.  While patrolling the streets of

7   San Diego in marked law enforcement cars and making use of their badges,

8   uniforms, guns, mace, batons, handcuffs, trained attack dogs, and other tools of

9   their trade, said officers targeted members of minority groups as their prey and

10  perpetrated attacks upon them under color of law and authority during otherwise

11  routine traffic stops.  While many of the victims of said officers were too scared

12  and intimidated to report these attacks, others did have the courage to report the

13  attacks to peers, supervisors and superiors, and to the SAN DIEGO COUNTY

14  SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other

15  Defendants, individuals, and entities.  Some of the attacks were corroborated by

16  fellow law enforcement personnel and other witnesses.  Not only did Defendants

17  and others "look the other way" in the face of said officers' violent and abusive

18  acts and propensities, as well as "turn a deaf ear" to pleas for help from victims

19  and to corroborating reports by fellow law enforcement personnel, Defendants

20  and others encouraged, authorized and ratified these attacks by the acts more

21  specifically set forth herein.

22          15.    Plaintiff is informed and believes, and thereon alleges that

23  additional significant transactions and events that form the basis of Plaintiff's

24  claims as alleged herein were Defendants' actions and inactions that constitute

25  the illegal cover-up of police misconduct by said officers.  Knowing said

26  officers' violent and abusive propensities and predatory habits while on duty

27  with regard to vulnerable minority members of the public, not only did

28  Defendants fail to control, report, punish or terminate said officers, but Plaintiff

is informed and believes, and thereon alleges, that Defendants conspired to and did, in fact, purposefully and systematically cover-up or encourage the covering-up of said misconduct. Such acts of cover-up encompass the suppression of evidence, and the use of intimidation, retaliation, coercion, undue influence, trickery, in an attempt to dissuade victims, law enforcement, and other witnesses from coming forward with their stories, observations and testimony, and to avoid the reporting of said complaints, so that proper, complete and factually based investigations, prosecutions and punishments could not be effectuated against said officers.

16. Plaintiff is informed and believes and thereon alleges that Defendants failed to comply with written policies, guidelines and procedures regarding reporting of citizen complaints and regarding punishment and discipline for officer misconduct. Said written policies, guidelines and procedures were mere "paper tigers" which were promulgated and which exist only as window dressing to give Defendants "cover" and "plausible deniability," and which were regularly ignored in favor of the herein described unwritten policies, procedures and practices.

17. Plaintiff is informed and believes, and thereon alleges that additional significant transactions or events that form the basis for Plaintiff's claims as alleged herein are the brutal physical and psychological attacks perpetrated on Plaintiff by individual officers who were acting under color of law and authority and in the course and scope of their employment, agency, and capacity as sworn law enforcement officers screened, hired, trained, employed and supervised by the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, individuals, and entities. On September 5, 2014, MYLES was at home in a predominantly white suburb of San Diego County known as Fallbrook. While studying for his college exams, he received a call from his younger brother to pick him up from an evening of

roller-skating at a local indoor roller-rink.  MYLES got into his vehicle, a white 2004 Mitsubishi Eclipse, and drove without incident to get his brother.  On their way home, MYLES and his brother noticed flashing lights only a block or so from their home.  Shortly thereafter, MYLES noticed that a police car was behind him with its emergency lights activated.  Understanding his obligation to yield to an emergency police vehicle, MYLES pulled his car to the right curb without delay and peaceably waited for an officer to approach his driver-side window with instructions.  When no officer approached, MYLES rolled down his driver-side window.  Upon doing so, MYLES could hear a cacophony of voices coming from the area behind his vehicle screaming at him and making numerous confusing and inconsistent demands of him.  MYLES could also hear the barking, growling and snarling of at least one police dog.  Confused, scared and unsure of what to do next, MYLES attempted to comply with the officers' commands by opening his driver-side door and exiting his vehicle. MYLES attempted to fully comply with further confusing and inconsistent demands of him, by raising his hands above his head, facing away from the officers, and walking backward toward the armed officers as he was ordered to do, whereafter he was hand-cuffed.   During these events, MYLES' younger brother, who was in the front passenger seat, began to record what was going on.  As he was recording, the camera depicts a frightened and confused MYLES begging his younger brother to "call dad" who was only several blocks away at their family home.

18.     Despite the fact that MYLES was, at all times, hand-cuffed, unarmed, passive and completely non-threatening toward the officers, and was attempting to comply with all of the confusing and inconsistent demands being made of him, said officers nevertheless unleashed a torrent of physical violence upon their confused and fearful victim by beating him about the head with a club of an unknown type, as well as commanding their attack dog to attack him.  As a

result of said officers' unlawful and unconstitutional actions and failures to act, MYLES was savagely attacked, leaving him bruised, scarred, bleeding, dazed and in pain after being hit and bitten.  After this attack, said officers continued to unlawfully detain MYLES, falsely imprisoned, falsely arrested and falsely cited him, before finally releasing him on September 6, 2014.

19.  Once released, MYLES sought to obtain copies of the arrest/incident reports to gain an understanding as to why he had been detained, arrested, beaten and abused, and to learn the names of the officers and others who were responsible.  However, he was advised that because charges against him had yet to be filed, and because he was still a suspect in an on-going criminal investigation through which he could still be charged with one or more crimes, he could not have a copy of any of the reports concerning the incident or investigation thereof.

20.  As set forth above, at all times relevant herein, Defendant COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, its officers, detectives, supervisors and high ranking officials with the authority and ability to set and enforce SAN DIEGO COUNTY SHERIFF'S DEPARTMENT policy and procedure, and other Defendants, individuals, and entities, so empowered, created and implemented unwritten official policies, customs, and practices that permitted and encouraged its agents, employees, and co-conspirators to deny Plaintiff and other minority members of the general public their rights to equal protection under the law and to due process of law, their right to be free from unreasonable searches and seizures, and other rights guaranteed under the United States and California Constitutions, as well as statutory and common law rights as more specifically set forth herein.

21.  At all times relevant herein said officers acted under the color of law and authority and exercised their police powers, including but not limited to,

1    making use of their badges, uniforms, vehicles, emergency lights, radios, guns,

2    mace, batons, handcuffs, trained attack dogs, and all of the actual and perceived

3    authority that said tools of the trade imply, to carry out the unlawful acts alleged

4    herein.

5         22.    Plaintiff is informed and believes, and thereon alleges that said

6    officers singled out Plaintiff and other wrongfully detained and unlawfully

7    abused minority victims for discrimination and harassment because they are

8    minorities. Said officers unlawfully targeted, profiled, stopped, detained,

9    harassed, hand-cuffed, assaulted, battered, beat, bit, berated, defamed and falsely

10   arrested, imprisoned and threatened to charge Plaintiff with crimes he did not

11   commit in violation of the California and U.S. Constitutions, as well as both state

12   and federal law.

13        23.    The actions and inactions of said officers were an offense to

14   Plaintiff's personal dignity and caused Plaintiff and the other similarly situated

15   victims to suffer physical injuries, severe humiliation, outrage, anxiety, fear,

16   mental anguish and emotional distress.

17        24.    Plaintiff is informed and believes that the actions and inaction of

18   said officers, including the unlawful targeting, profiling, stopping, detaining,

19   hand-cuffing, assaulting, battering, beating, biting, berating, defaming, falsely

20   arresting, imprisoning, and threatening to charge Plaintiff with crimes he did not

21   commit, and other deprivation of civil rights, including the cover-up of said

22   actions, were motivated by Plaintiff's race and color and the race and color of

23   those other wrongfully detained and abused minorities.

24        25.    Plaintiff is informed and believes, and thereon alleges that by their

25   conduct, said officers intended to deprive Plaintiff and other victims of their

26   constitutionally protected civil rights to live and work within the County of San

27   Diego without being singled out because of their race or color and subjected

28   Plaintiff to unlawful and unconstitutional misconduct, including targeting,

profiling, stopping, detaining, hand-cuffing, assaulting, battering, beating, biting, berating, defaming, falsely arresting and imprisoning, citing and threatening to charge Plaintiff with crimes he did not commit, and other deprivation of civil rights, including the cover-up of said actions.

26. Plaintiff is informed and believes, and thereon alleges that the actions of said officers against him as described in this Complaint are not the first time that said officers engaged in this type of conduct as on-duty, uniformed law enforcement officers with the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and elsewhere, and further believes that said officers were not the only sworn officers participating in said conduct. As set forth herein, Plaintiff is informed and believes and thereon alleges that said officers, their co-defendants and others had, on occasions prior to the attack on Plaintiff, engaged in the same or similar conduct with respect to other minority members of the general public while said officers were on-duty, uniformed law enforcement officers with the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and elsewhere, and while under the supervision of and with the knowledge, consent, approval, encouragement, acceptance, and ratification of their superiors and supervisors and other Defendants, individuals, and entities.

27. Plaintiff is informed and believes, and thereon alleges that, prior to said officers' unlawfully targeting, profiling, stopping, detaining, hand-cuffing, assaulting, battering, beating, biting, berating, defaming and falsely arresting, imprisoning and threatening to charge Plaintiff with crimes he did not commit and other deprivation of civil rights, including the cover-up of said actions, Defendant COUNTY OF SAN DIEGO, through said officers' superiors and supervisors, was made aware of said officers' prior similar acts, proclivities, propensities and willingness to engage in the same or similar acts while uniformed, on-duty law enforcement officers for the SAN DIEGO COUNTY

SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and elsewhere, and thus knew, or with reasonable diligence should have known, that said officers were racist, bigoted, violent, aggressive and otherwise dangerous and would likely abuse, beat, attack, harass and otherwise violate the constitutional rights of Plaintiff and other minority members of the San Diego County community.

28.     Unfortunately for Plaintiff and other minority victims, Defendants failed to take any or adequate steps to prevent, mitigate or otherwise avoid the obvious danger said officers posed to Plaintiff and other minority members of the general public who all justifiably relied on Defendants, and each of them, to adequately screen, hire, train, supervise, report, discipline, monitor, control, prosecute and terminate, if necessary, said officers as sworn peace officers.  In fact, Defendants' conduct in condoning, approving, ratifying, consenting to, encouraging, accepting, refusing to stop, failing to prevent, failing to train, covering up, failing to report, failing to document, fraudulently mis-characterizing citizen and co-worker complaints, refusing to document and accept citizen complaints, failing to follow written policies, procedures and guidelines regarding reporting and accepting citizen complaints and discipline and punishment, and remaining silent in the face of such conduct, created an atmosphere and culture of acceptance of said officers' and other personnel's pattern and practice of conduct that constituted a "Code of Silence," and which amounted to unwritten official policies, customs, and practices that provided said officers and other personnel with the feeling, assurance and belief that their conduct, illegal as it was, was not going to be punished and would instead be protected as a privilege that went along with their badge, gun, and other accoutrement of power.  Defendants knew, or it should have been obvious to Defendants, that these unwritten official policies, customs, and practices were likely to result in a deprivation of Plaintiff's rights to equal protection under the law, to due process of law, his right to be free from unreasonable searches and

seizures, and other rights guaranteed under the United States and California Constitutions, as well as statutory and common law rights as more specifically set forth herein.

29.    In doing the things herein alleged, Defendants, and each of them, engaged in a pattern and/or practice of discriminatory policing in violation of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141; the anti-discrimination provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d; as well as violations of the Civil Rights provisions of 42 U.S.C. §§ 1983, 1985 and 1986 and California Civil Code §§ 51, 51.7, 52, and 52.1.

30.    As a consequence of Defendants' conduct as set forth above, Plaintiff lives in constant, abiding and continuing fear for his safety and wellbeing each and every day, as Plaintiff daily uses the public streets, highways and other public areas of the County of San Diego where he remains vulnerable to repeated acts of racial targeting and profiling, retaliation, violence, molest, threats, intimidation and other violations of his civil rights by armed law enforcement personnel who are prejudiced against him because of the color of his skin.  Specifically, Plaintiff has a constant, continuing and abiding fear that because of the systematic cover-up of said officers' conduct, he remains vulnerable to the same and similar conduct by Defendants, as well as other sworn law enforcement officers who routinely practice racially biased and excessively violent policing practices against minority citizens.  That fear may only reasonably be mitigated, ameliorated or lessened by the issuance of a permanent injunction, pursuant to Fed. R. Civ. P. § 65, prohibiting the acts and conduct set forth above and the installation and appointment of appropriate and independent oversight of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and the institution and enforcement of appropriate and additional rules, regulations and measures by the COUNTY OF SAN DIEGO to prevent this kind of conduct

1    from ever happening again, with the appropriate funding to effectuate same.

2    Such relief is justified insofar as Plaintiff will, without such relief, suffer great

3    and irreparable harm and injury; a balance of the hardships favors Plaintiff under

4    the circumstances; and, such relief advances the public interest by protecting the

5    safety and well-being of other minority citizens similarly situated.

## V.    FIRST CAUSE OF ACTION

### (ASSAULT – Against All Defendants)

8        31.    Plaintiff incorporates herein paragraphs 1 through 30, above.

9        32.    Defendants threatened to touch Plaintiff in a harmful or offensive

10   manner.

11       33.    It reasonably appeared to Plaintiff that Defendants were about to

12   carry out the threat.

13       34.    Defendants acted intending to cause harmful or offensive contact

14   with Plaintiff.

15       35.    Plaintiff did not consent to Defendants' threatened harmful or

16   offensive conduct.

17       36.    Plaintiff was harmed when Defendants caused him imminent fear of

18   a harmful or offensive contact with his head, torso and other parts of Plaintiff's

19   body.

20       37.    In so doing, and as alleged herein, Defendants acted under color of

21   law and authority, within the course and scope of employment, agency, and in

22   conspiracy with each other, and pursuant to the established unwritten official

23   policy, custom, and practice of the SAN DIEGO COUNTY SHERIFF'S

24   DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, and as also

25   alleged herein, the conduct of Defendants was consented to, ratified, approved,

26   concealed, covered up, condoned, accepted, and/or encouraged by each other, for

27   their own benefit and gain, knowing that the conduct would result in harm to

28   Plaintiff and other minority members of the general public similarly situated.

38.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general damage, in an amount to be proven at the time of trial, but not less than $100,000.

39.     In committing the acts as alleged herein, all individual Defendants, and each of them, acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## VI.   <u>SECOND CAUSE OF ACTION</u>
### (BATTERY - Against All Defendants)

40.     Plaintiff incorporates herein paragraphs 1 through 39, above.

41.     Defendants did, in fact, touch Plaintiff in a harmful or offensive manner.

42.     Plaintiff did not consent to Defendants' harmful or offensive conduct.

43.     In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

44.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general damage, in an amount to be proven at the time of trial, but not less than $100,000.

45.     In committing the acts as alleged herein, all individual Defendants, and each of them, acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## VII.   THIRD CAUSE OF ACTION

### (FALSE ARREST - Against All Defendants)

46.     Plaintiff incorporates herein paragraphs 1 through 45, above.

47.     Plaintiff was wrongfully arrested by Defendants without a warrant and without probable cause.

48.     In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

49.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures

and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general damage, in an amount to be proven at the time of trial, but not less than $100,000.

50.     In committing the acts as alleged herein, all individual Defendants, and each of them, acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## VIII.  FOURTH CAUSE OF ACTION

### (FALSE IMPRISONMENT - Against All Defendants)

51.     Plaintiff incorporates herein paragraphs 1 through 50, above.

52.     Defendants wrongfully detained Plaintiff, intentionally depriving Plaintiff of his freedom of movement by use of physical barriers, threats of force, use of force and false imprisonment, coercion and duress.

53.     In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

54.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not

have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general damage, in an amount to be proven at the time of trial, but not less than $100,000.

55.     In committing the acts as alleged herein, all individual Defendants, and each of them, acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## IX.   FIFTH CAUSE OF ACTION

### (VIOLATION OF STATUTE:  CIVIL CODE §§ 51.7; 52.1 –
### Against All Defendants)

56.     Plaintiff incorporates herein paragraphs 1 through 55, above.

57.     Defendants intentionally threatened and committed violence against Plaintiff.

58.     A reasonable person in Plaintiff's position would have believed that Defendants would carry out their threat, and Plaintiff in fact believed that Defendants would carry out their threat.

59.     By intimidation, threats and violence, Defendants interfered with, or attempted to interfere with, Plaintiff's right to be free of physical restraints, within the County of San Diego, and his right to be free of unwanted assault, harassment, molestation and battery.

60.     Plaintiff reasonably believed that if he tried to exercise his right to be free of physical restraints, avoid being assaulted, harassed, molested and battered, Defendants would commit additional and more severe acts of violence against him.

61.     Defendants harmed Plaintiff in order to interfere with his right to be free from physical restraints and unwanted assault, molestation and battery.

62.     In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

63.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general damage, in an amount to be proven at the time of trial, but not less than $100,000.

64.     A motivating reason for Defendants threatening violence was their perception of Plaintiff's race and color as a member of a minority group.

65.     In committing the acts as alleged herein, all individual Defendants, and each of them, acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

66.     As a direct and proximate result of Defendants' conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is informed and believes that he will reasonably and necessarily incur further legal fees in the future, all in an amount to be proven at trial, but not less than

1  | $100,000.

## X.   SIXTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS:  42 U.S.C. § 1983 –

## Against All Defendants)

67.    Plaintiff incorporates herein paragraphs 1 through 66, above.

68.    Defendants intentionally interfered with Plaintiff's civil rights by intimidation, coercion, violence, threats of violence and unlawful acts against his person when they wrongfully and unlawfully arrested and imprisoned him without a warrant or probable cause and then assaulted, harassed, molested and battered him.

69.    In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

70.    Defendants' conduct deprived Plaintiff of his rights to equal protection under the law and to due process of law, his right to be free from unreasonable search and seizure, excessive and unwarranted force and other rights guaranteed under the United States and California Constitutions, as well as statutory and common law rights as more specifically set forth herein.

71.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety,

1   depression, humiliation, shame, loss of sleep, fear and rage all to his general

2   damage, in an amount to be proven at the time of trial, but not less than

3   $100,000.

4        72.    As a direct and proximate result of Defendants' conduct, Plaintiff

5   was required to retain the services of legal counsel to prosecute this case.

6   Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is

7   informed and believes that he will reasonably and necessarily incur further legal

8   fees in the future, all in an amount to be proven at trial, but not less than

9   $100,000.

10       73.    In committing the acts as alleged herein, all individual Defendants

11  acted with the intent to harm Plaintiff or with a conscious disregard for

12  Plaintiff's rights and thus acted with malice, fraud or oppression as defined in

13  California Civil Code section 3294, entitling Plaintiff to an award of punitive

14  damages in an amount to be proven at the time of trial.

15                    **XI.   SEVENTH CAUSE OF ACTION**

16          **(VIOLATION OF CIVIL RIGHTS:  42 U.S.C. § 1985(2) and (3) –**

17                         **Against All Defendants)**

18       74.    Plaintiff incorporates herein paragraphs 1 through 73, above.

19       75.    Defendants, and each of them, as more specifically set forth above,

20  engaged in the obstruction of justice, conspired to obstruct justice, and conspired

21  to effectuate the deprivation of Plaintiff's rights under the Fourth, Fifth, Sixth

22  and 14th Amendments of the U.S. Constitution, as well as the corresponding

23  sections of the California Constitution.

24       76.    In so doing, and as alleged herein, Defendants acted under color of

25  law and authority, within the course and scope of employment, agency, and in

26  conspiracy with each other, and pursuant to the established unwritten official

27  policies, customs, and practices of the SAN DIEGO COUNTY SHERIFF'S

28  DEPARTMENT and other Defendants, and as also alleged herein, the conduct of

Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

77.   Defendants' conduct deprived Plaintiff of his rights to equal protection under the law and to due process of law, his right to be free from unreasonable search and seizure, excessive and unwarranted force and other rights guaranteed under the United States and California Constitutions, as well as statutory and common law rights as more specifically set forth herein.

78.   Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general damage in an amount to be proven at the time of trial, but not less than $100,000.

79.   As a direct and proximate result of Defendants' conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is informed and believes that he will reasonably and necessarily incur further legal fees in the future, all in an amount to be proven at trial, but not less than $100,000.

80.   In committing the acts as alleged herein, all individual Defendants acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

/ / /

/ / /

# XII.   EIGHTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS:  42 U.S.C. § 1986 –

### Against All Defendants)

81.    Plaintiff incorporates herein paragraphs 1 through 80, above.

82.    Defendants, and each of them, having the power to prevent or to aid in preventing the commission of the acts more specifically set forth above, and having neglected and refused to take such means available and necessary to so prevent or aid in preventing said acts, have violated the specific provisions of 42 U.S.C. § 1986.

83.    In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policies, customs, and practices of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

84.    Defendants' conduct deprived Plaintiff of his rights to equal protection under the law and to due process of law, his right to be free from unreasonable search and seizure, excessive and unwarranted force and other rights guaranteed under the United States and California Constitutions, as well as statutory and common law rights as more specifically set forth herein.

85.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general

damage, in an amount to be proven at the time of trial, but not less than $100,000.

86.     As a direct and proximate result of Defendants' conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is informed and believes that he will reasonably and necessarily incur further legal fees in the future, all in an amount to be proven at trial, but not less than $100,000.

87.     In committing the acts as alleged herein, all individual Defendants acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## XIII.  <u>NINTH CAUSE OF ACTION</u>
### (NEGLIGENCE – Against All Defendants)

88.     Plaintiff incorporates herein paragraphs 1 through 30, 59, 60, 77, 82, and 84, above.

89.     Defendants had a duty to Plaintiff and the general public to refrain from the use and implementation of the use of excessive force, to take the time to reasonably and properly assess the level of danger presented to them, to avoid the use of improper criteria for the stop, detention, arrest, questioning, charging and otherwise interfering with the liberty and other civil rights afforded to Plaintiff and other members of the general public, to properly screen, hire, train, retain, supervise, report, discipline, monitor, control, terminate and prosecute (when justified) its law enforcement officers, including the individual Defendants herein, given the foreseeability of harm to the Plaintiff and other minority members of the general public similarly situated, the degree of certainty that Plaintiff suffered injury, the closeness of the connection between the

Defendants' conduct and the injury suffered, the moral blame attached to the Defendants' conduct, the policy of preventing future harm to Plaintiff and other minority members of the general public, the limited burden on Defendants, the consequences to the community of imposing a duty on the Defendants to exercise care with the resulting liability for breach, the availability, cost and prevalence of insurance for the risk involved, the extent of the Defendants' powers, the role imposed upon Defendants by law and the limitations imposed on Defendants by applicable budgets, if any.

90.    Defendants breached their duty to Plaintiff by failing to properly screen, hire, train, retain, supervise, report, discipline, monitor, control, terminate or prosecute (when justified) its law enforcement officers, including the individual Defendants herein.

91.    In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established, unwritten official policy, custom, and practice of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

92.    As a consequence of said negligence, Plaintiff suffered physical harm, serious and severe emotional distress in the form of anxiety, depression, humiliation, shame, loss of sleep, fear and rage and incurred, and continues to incur expenses for medical treatment as well as a loss of earnings and earning capacity, all in an amount to be proven at the time of trial, but not less than $100,000.

/ / /

## XIV.  TENTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –

### Against All Defendants)

93.    Plaintiff incorporates herein paragraphs 1 through 92, above.

94.    Defendants' conduct, as alleged herein, was outrageous.

95.    Defendants acted knowingly, willfully, and with malicious intent and did in fact intend to cause Plaintiff emotional distress, or Defendants acted with reckless disregard for Plaintiff's health, safety, welfare and wellbeing, and did so with reckless disregard of the probability of causing Plaintiff emotional distress.

96.    In so doing, and as alleged herein, Defendants acted under color of law and authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policies, customs, and practices of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, and other Defendants, and as also alleged herein, the conduct of Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other minority members of the general public similarly situated.

97.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm.  If not for the failures and misconduct of Defendants, as alleged in this Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to his general damage, in an amount to be proven at the time of trial, but not less than $100,000.

98.    In committing the acts as alleged herein, all individual Defendants acted with the intent to harm Plaintiff or with a conscious disregard for

Plaintiff's rights and thus acted with malice, fraud or oppression as defined in California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.      Special damages, according to proof;

2.      General damages, according to proof, but not less than $100,000;

3.      For injunctive and other equitable relief to prevent the same and similar conduct from being perpetuated against Plaintiff, to wit:

        a)      The installation of a qualified, independent monitor to supervise the rehabilitation of the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and to establish rules, regulations and guidelines to prevent Plaintiff from ever again being subjected to the abuses and civil rights violations he suffered at the Defendants' hands, including rules, regulations and guidelines designed to eliminate and prevent the cover-up of such abuses and violations;

        b)      Barring and prohibiting Defendants from any further harassment, abuse or violation of Plaintiff's civil rights, and specifically barring and prohibiting Defendants, and their agents and employees, from the following:

                i.      Approaching Plaintiff in his home, in his vehicle or on foot for the purposes of detaining, questioning, searching or arresting him unless: (a) the officers have probable cause or a reasonable suspicion, based on articulable facts, that he has committed or is committing a crime; or, (b) upon the authority of a valid arrest warrant or other order of a court of competent jurisdiction.  Plaintiff shall not be

approached, detained, questioned, arrested or searched solely based on his appearance, being a minority and/or because of the color of his skin;

    ii.    Approaching and questioning Plaintiff in his home, in his vehicle or on foot for the purposes of harassing, annoying, molesting, bribing, extorting, or committing any violent act;

4.    Punitive damages as against all individual Defendants, in an amount subject to proof at the time of trial;

5.    Costs of suit;

6.    Attorneys' fees and statutory penalties as applicable under the statutes specified herein; and,

7.    For such other and further relief as the Court may deem proper.

Dated:  September 4, 2015        DICKS & WORKMAN
                           ATTORNEYS AT LAW, APC

                           By:  */s/  Joseph G. Dicks*
                           Joseph G. Dicks,
                           Attorneys for MICKAIL MYLES,
                           Plaintiff

## PLAINTIFF'S JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  September 4, 2015        DICKS & WORKMAN
                           ATTORNEYS AT LAW, APC

                           By:  */s/  Joseph G. Dicks*
                           Joseph G. Dicks,
                           Attorneys for MICKAIL MYLES,
                           Plaintiff