UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKAIL MYLES,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,<br><br>                    Defendants. | Case No.: 15-cv-1985-BEN (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [ECF No. 32];**<br><br>**and**<br><br>**(2) DENYING MOTION RE OBJECTION TO AND REQUEST FOR RECONSIDERATION OF MAGISTRATE'S ORDER [ECF No. 40]** |

      Plaintiff Mickail Myles has brought a civil rights action related to an incident between Plaintiff and San Diego County Sheriff Deputy Jeremy Banks.  Before this Court are Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 32) and Plaintiff's Motion Re Objection to and Request for Reconsideration of Magistrate's

1

Order Denying Plaintiff's Motion to Take Discovery After the Cutoff and to Compel Depositions of San Diego County Sheriff William Gore and San Diego County Sheriff's Department Chief Legal Advisor Robert Faigin and Production of Additional Documents (ECF No. 40).  For the reasons discussed below, both motions are **DENIED**.

## BACKGROUND

On September 4, 2015, Plaintiff filed a complaint against the County of San Diego and Deputy Jeremy Banks, employed by the San Diego County Sheriff's Department, concerning an altercation between Plaintiff, Deputy Banks, and Banks's K-9 on September 5, 2014.  (Compl., ECF No. 1.)  Plaintiff alleges that he was "unlawfully profiled, stopped, detained, hand-cuffed, assaulted, battered, beaten, bitten, berated, defamed, falsely arrested, falsely imprisoned, cited and threatened to be charged with crimes he did not commit, by armed, uniformed, on-duty law enforcement officers, solely because he was a black man driving his own car to his family home in a predominately white neighborhood in Fallbrook, California." (*Id.* ¶ 1.)  He brings claims for relief for assault, battery, false arrest, false imprisonment, negligence, intentional infliction of emotional distress, violation of California Civil Code § 51.7 and § 52.1, and violation of civil rights pursuant to 42 U.S.C. §§ 1983, 1985(2)-(3), and 1986.

Plaintiff seeks to file an amended complaint adding San Diego County Sheriff William Gore as a defendant and additional factual allegations related to Gore.  His proposed amended complaint adds Gore to all of the alleged claims for relief.  Plaintiff contends that recently produced documents reveal evidence supporting these changes. That evidence consists of four other instances of allegedly race-based abuse of force by Deputy Banks, all of which Sheriff Gore allegedly publicly defended and condoned. (Mot. to Amend Compl. at 9-10.)  Plaintiff claims that Defendants produced this new evidence in response to Magistrate Judge Major's May 4, 2016 order granting Plaintiff's motion to compel.  Plaintiff asserts that "it was not until July 7, 2016 that the County finally produced additional key documents which began to outline the depth and breadth of the violent and racially discriminatory practices which were sanctioned at the highest

echelons of the San Diego Sheriff's Department, including by head Sheriff William Gore."[1] (Mot. to Amend Compl. at 9.)

Plaintiff also moves for reconsideration of Magistrate Judge Major's August 15, 2016 order (MJ Order, ECF No. 35), which denied Plaintiff's requests for production of additional documents and to depose Sheriff Gore and the Sheriff Department's Chief Legal Advisor Robert Faigin. Plaintiff asks this Court to order the production of additional documents and the deposition of Sheriff Gore. Plaintiff no longer seeks the deposition of Faigin. Plaintiff contends that he needs additional discovery to support his claim under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978), regarding the Sheriff Department's pattern and practice of failing to comply with department policies. He further argues that Sheriff Gore's deposition is necessary because Gore has "intentionally inserted himself into this controversy with respect to Banks's numerous instances of alleged abuse of force." (Mot. for Reconsideration at 6.)

## DISCUSSION

### I. Motion for Leave to File Amended Complaint

As noted above, Plaintiff seeks to add San Diego County Sheriff William Gore to the complaint based on newly discovered evidence. The scheduling order specified that motions to amend the pleadings must be filed by January 15, 2016. (ECF No. 10.) Plaintiff filed his motion on July 21, 2016. Plaintiff contends that Defendants delayed producing the documents that contained these new facts until Magistrate Judge Major ordered their production in May and Defendants began rolling productions responsive to

---

[1] Plaintiff also claims that more evidence has been discovered since Plaintiff first noticed his motion for leave to file a first amended complaint. Plaintiff includes additional evidence in his reply brief. Moreover, the Court granted Plaintiff's motion for leave to file supplemental briefs in support of the motion for leave to amend and the motion for reconsideration. (ECF No. 48.) The Court considers those supplemental briefs and Defendants' response herein.

Judge Major's order. (Mot. to Amend Compl. at 9; Suppl. Decl. of Joseph G. Dicks In Support of Mot. to Amend Compl. ¶ 4 [ECF No. 41-1].)

If a party seeks leave to amend a pleading after the time period specified in the court's scheduling order, as is the case here, Federal Rule of Civil Procedure 16(b)'s "good cause" standard governs the motion for leave to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.'" *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013) (quoting *Johnson*, 975 F.3d at 609).

Once good cause is shown, the moving party must demonstrate that the amendment is proper under Federal Rule of Civil Procedure 15. *Johnson*, 975 F.3d at 608. Rule 15 directs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the party has previously amended the pleadings. *Ahlmeyer v. Nev. Sys. of Higher Educ.,* 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Here, the Court finds that Plaintiff cannot satisfy the standards necessary to amend his complaint at this stage in the litigation. Plaintiff's reason for seeking the amendment is the discovery of new evidence that demonstrates "Sheriff Gore's complicity in a pattern and practice of racial discrimination and abuse of force." (Mot. to Amend Compl. at 8.) Plaintiff sets forth five incidents between Deputy Banks and minorities that allegedly involved excessive force, were not investigated by Internal Affairs, "reflect a deplorable lack of effort by Sheriff Gore and his department to learn all of the facts surrounding each incident," and "resulted in the Sheriff condoning the violent

1  misconduct." (*Id.* at 10.)  One of these five incidents is the altercation at issue in this
2  lawsuit between Banks and Myles.

3        The Court recognizes that the bulk of discovery has occurred after the deadline to
4  amend pleadings, and that discovery has been delayed by disputes between the parties
5  and the need to seek intervention by the magistrate judge.  However, of the four noted
6  incidents other than the instant case, information on at least two of them was publicly
7  available before the deadline to amend.  Plaintiff cites to news articles from June and
8  September 2015 discussing the alleged assaults committed by Deputy Banks, as well as a
9  YouTube clip of video footage taken by onlookers of one of the alleged attacks.  (Mot. to
10 Amend Compl. at 14-16 & Exs. J-K.)  Simple internet searches would have revealed
11 information about Deputy Banks's involvement in these incidents well before the
12 amendment deadline.  Therefore, the Court cannot say that Plaintiff has been diligent in
13 seeking to amend.  *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946,
14 953 (9th Cir. 2006) (stating that, in assessing timeliness of motion to amend, the court
15 must consider whether the moving party knew or should have known the facts and
16 theories raised by the amendment in the original pleading).

17       Moreover, allowing amendment at this time would prejudice Defendants.
18 Discovery has closed, and pretrial motions are due by the end of this month on October
19 31, 2016.  (ECF No. 29.)  If the Court granted Plaintiff's motion, discovery would have
20 to be reopened and Sheriff Gore would have to be given the opportunity to file
21 dispositive motions, further delaying the case.  *See Coleman v. Quaker Oats Co.*, 232
22 F.3d 1271, 1295 (9th Cir. 2000).  This prejudice to Defendants, although not required
23 under Rule 16(b), supplies another reason for denying the motion.  *See Johnson*, 975 F.2d
24 at 609.  Plaintiff has not established good cause to support his late amendment.

25       Moreover, amendment would be futile even if Plaintiff had demonstrated good
26 cause.  An amendment is futile where the amended complaint would be immediately
27 "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.
28 1998).  The proper test in determining the futility of a proposed amendment is identical to

the standard for considering the sufficiency of a pleading challenged under Federal Rule of Civil Procedure 12(b)(6). *Campion v. Old Republic Home Prot. Co.,* No. 09-CV-748-JMA (NLS), 2010 WL 2724278, at *2 (S.D. Cal. July 7, 2010). That oft-repeated standard is that a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim in this case, Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676 (rejecting conclusory allegations that high level employees "knew of, condoned, and willfully" subjected Plaintiff to unconstitutional conditions).[2] There is no respondeat superior or vicarious liability in section 1983 litigation. *Id.* With respect to Plaintiff's state law claims, respondeat superior liability applies to hold the *public entity* liable for the acts of its employees, not the entity's highest ranking official. Cal. Gov. Code § 815.2. Plaintiff has already sued the Sheriff's Department.

Therefore, Sheriff Gore could only be liable for his own acts that caused constitutional deprivations. However, based on the evidence presented by Plaintiff, Sheriff Gore was not individually involved in any of the alleged misconduct in the five cited incidents. Sheriff Gore played a minor role in only one of the incidents, which is unrelated to the events of the present case. Specifically, Sheriff Gore spoke to Deputy Banks on the phone about an altercation between Banks and a minor that occurred in June 2015, nine months after the episode between Plaintiff and Banks. The phone call

---

[2] Plaintiff's motion does not specify whether Sheriff Gore would be added as an individual capacity or official capacity defendant, but official-capacity suits represent another way of pleading an action against an entity of which a municipal officer is an agent. *Monell*, 436 U.S. at 690 n.55. Plaintiff has already sued the "County of San Diego, by and through the San Diego County Sheriff's Department." Compl. ¶ 9.

lasted approximately ten minutes, during which Gore informed Banks that there would be a press conference, and Gore asked Banks to share the timeline of the events that occurred during the incident with the minor.  (Decl. of Joseph G. Dicks In Support of Suppl. Brief re Mot. to Amend Compl., Ex. W [ECF No. 46-2].)  Before this call, Banks had never spoken to Gore except for once shaking his hand during Banks's swearing in ceremony when Gore was serving as Undersheriff.  (*Id.*)  This call was Banks and Gore's only communication concerning the incident.  (*Id.*)  After the call, Gore held a press conference during which he discussed Banks's actions, responded to questions, and displayed photos of the injuries Banks suffered during the incident.[3]  (Magistrate Judge Major's Aug. 15, 2016 Order at 10, ECF No. 35.)

Plaintiff fails to allege facts to support a plausible claim against Sheriff Gore.  There is no indication that Sheriff Gore "participated in or directed the violations [of Plaintiff's rights], or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989) (discussing when a supervisor may be liable in his individual capacity).  There is no evidence that Sheriff Gore ratified Banks's conduct.  Further, merely holding a press conference on a later incident involving Deputy Banks is not evidence that Sheriff Gore was personally involved in managing Banks's conduct.  It certainly is not evidence that Gore "laud[ed]" Banks's conduct, failed to properly train and supervise him, or engaged in a cover-up of his alleged misconduct.  (Mot. to Amend Compl. 5-7, 10 & Ex. R (Proposed First Amended Complaint).)  At bottom, Plaintiff's proposed amended complaint relies on conclusory allegations and, as such, is insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see*

---

[3] Plaintiff cites another press conference held by Gore concerning an incident between a Hispanic male with Down's Syndrome and Deputy Jeffrey Guy.  (Mot. to Amend Compl. at 16-17.)  Plaintiff argues that Gore "once again went public with his defense of his deputy's use of force conduct."  (*Id.* at 17.)  This incident did not involve Deputy Banks.

1  *Centeno v. Wilson*, No. 1:08-cv-1435-FJM, 2010 WL 1980157, at *1 (E.D. Cal. May 17,
2  2010) (finding proposed amendment futile where plaintiff failed to allege facts to support
3  individual capacity claim against supervisor). Therefore, Plaintiff's proposed amended
4  complaint would be futile.

5  Considering Plaintiff's lack of diligence, prejudice to Defendants, and the futility
6  of the amendment, Plaintiff's motion for leave to amend is **DENIED.**

7  **II.      Motion for Reconsideration**

8  In this motion, Plaintiff asks the Court to order the deposition of Sheriff Gore and
9  the production of the following documents: (1) all Use of Force reports for the period
10 beginning five years prior to the incident (*i.e.*, September 5, 2009 to present); (2) all
11 Internal Affairs investigations for the period beginning five years prior to the incident; (3)
12 all disciplinary actions within the department for the period beginning five years prior to
13 the incident; and (4) all allegations of dishonesty, all investigations into allegations of
14 dishonesty, and all disciplinary actions relating to deputy dishonesty for the period
15 beginning five years prior to the incident.

16 Magistrate Judge Major's order denied these discovery requests. Her order
17 outlined the standard that Plaintiff must meet to justify deposing a high ranking official
18 and explained how Plaintiff did not carry his burden. (MJ Order at 7-10.) In particular,
19 she found that "Plaintiff has not provided any evidence establishing that Sheriff Gore has
20 [the] 'unique, first hand, non-repetitive knowledge' of the San Diego County Sheriff
21 Department's policies and practices" that is required to warrant the deposition. (*Id.* at 9.)
22 With respect to Plaintiff's document requests, Magistrate Judge Major explained that
23 "Plaintiff's requests are extremely overbroad, seek irrelevant information, and are not
24 proportional to the needs of the case." (*Id.* at 17.)

25 Under Federal Rule of Civil Procedure 72(a), a district court must modify and set
26 aside any part of a magistrate judge's discovery order that is "clearly erroneous or is
27 contrary to law." Fed. R. Civ. P. 72(a). Plaintiff's motion fails to explain how
28 Magistrate Judge Major's order is "clearly erroneous" or "contrary to law." Rather,

Plaintiff merely lodges general and specific objections to the order. These objections do not convince the Court of the alleged impropriety of the order.

As explained in greater detail in Magistrate Judge Major's order, Plaintiff has failed to show that he is entitled to Sheriff Gore's deposition and the additional documents. Sheriff Gore was not involved in the underlying incident in this case and has no unique personal knowledge of the facts at issue. *See K.C.R. v. City of Los Angeles*, No. CV 13-3806 PSG (SSx), 2014 WL 3434257, at *4 (C.D. Cal. July 11, 2014) ("[W]hen a high-ranking official is removed from the daily subjects of the litigation, [and] has no unique personal knowledge of the facts at issue, a deposition of the official is improper."). His short ten-minute phone call to Deputy Banks and subsequent press conference about a later, unrelated incident do not demonstrate that Sheriff Gore has relevant, first-hand information about this case that cannot be obtained from other sources. *See Thomas v. Cate*, No. 1:05-cv-01198-LJO-JMD-HC, 2010 WL 1343789, at *1 (E.D. Cal. Apr. 5, 2010). Plaintiff has already received significant discovery from Defendants and, by Plaintiff's own admission, Sheriff Gore's deposition would be duplicative of information already obtained. (MJ Order at 9.) Finally, as Magistrate Judge Major noted, Plaintiff's document requests are extremely overbroad, would produce large amounts of irrelevant information, and are not tailored to the needs of this case.

Magistrate Judge Major's discovery order is not "clearly erroneous" or "contrary to law." Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration of the Magistrate's order.

## CONCLUSION

The Court recognizes that this case involves highly sensitive allegations of police brutality against a racial minority at a time when such issues are at the forefront of the nation's political and social consciousness. However, Plaintiff has failed to carry his burden to warrant the relief requested in both motions. Plaintiff's motion for leave to file

an amended complaint (ECF No. 32) and motion for reconsideration (ECF No. 40) are both **DENIED.**

    **IT IS SO ORDERED.**

Dated:  October 17, 2016

                                                                          Hon. Roger T. Benitez
                                                                          United States District Judge