THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By GEORGE W. BREWSTER JR., Chief Deputy (State Bar No. 123684)
By RONALD LENERT, Senior Deputy (State Bar No. 277434)
By MORRIS G. HILL, Senior Deputy (State Bar No. 97621)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4893; (619) 531-5805; (619) 531-5510
Fax: (619) 531-6005

JAMES F. HOLTZ, Esq. (State Bar No. 95064)
Law Offices of James F. Holtz, APC
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: (619) 881-1246; Fax: (619) 924-5199

MILDRED K. O'LINN, Esq. (State Bar No. 159055)
AL M. DE LA CRUZ, Esq. (State Bar No. 151388)
DARIN L. WESSEL, Esq. (State Bar No. 176220)
Manning & Kass
Ellrod, Ramirez, Trester LLP
550 West C Street, Suite 1900
San Diego, California 92101
Telephone: (619) 515-0269; Fax: (619) 515-0268

Attorneys for Defendants County of San Diego and Jeremy Banks

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKAIL MYLES, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,<br><br>　　　　Defendants. | No. 15-cv-1985-BEN(BLM)<br><br>DEFENDANTS COUNTY OF SAN DIEGO AND JEREMY BANKS' MOTION TO SEAL DOCUMENTS SUBMITTED BY PLAINTIFF IN HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT<br><br>Dept.: 5A - Courtroom of the Honorable Roger T. Benitez<br>Trial Date: None |

///

///

///

Defendants County of San Diego and Jeremy Banks move to have certain documents identified by Plaintiff as exhibits to his Opposition to Defendants' Motion for Summary Judgment ordered by this Court to be submitted under seal and not made part of the public record.

# I

# BRIEF PROCEDURAL HISTORY

On December 5, 2016, Plaintiff's counsel sought leave to file under seal certain documents supporting Plaintiff's Opposition to the Defendants' Motion for Summary Judgment. The specific documents were identified by Plaintiff in his motion (Document 67, page 2).

On December 19, 2016, the Court denied Plaintiff's request, as he failed to narrowly tailor the request to seek sealing only of the confidential or privileged material. (Document 74)

Plaintiff's counsel contacted counsel for the Defendants requesting a declaration from the defense providing justification for a request to seal the noted documents. Counsel for the Defendants in turn filed an ex parte application asking the Court to reconsider and vacate its December 19, 2016 Order. Defense counsel argued in those papers that a public release of the subject documents would be in violation of the parties' protective order, and would also violate certain privileges held by Defendant Banks. (Document 75)

This Court granted Defendants' motion for reconsideration, and ordered that the Defendants file a motion to seal relevant documents within seven (7) days of the date of the order, or January 17. The Court specifically noted that the standard to be applied—and to be addressed by the Defendants—is one of "compelling reasons." (Document 80).

The Court also stated that this motion "was completely avoidable", and Defendants largely agree.

///

///

- 1 -

## II

## SUMMARY OF SUBJECT DOCUMENTS

The documents at issue are each part of or related to internal affairs investigations by the San Diego County Sheriff's Department. County originally objected to the production of the documents to plaintiffs on multiple grounds which are pertinent to the court's analysis in the present motion.

County objected on grounds the documents were subject to the federal official information privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)).[1] The documents contain matter implicating the privacy interests of individuals named and identified in the documents. Fed. R. Civ. P. 26(c); *Pryor v. City of Clearlake*, 2012 U.S. Dist. LEXIS 112246 (N.D. Cal. Aug. 9, 2012) [finding police officer privacy interests outweighed interest in disclosure in unsubstantiated citizen complaints and ordering complaints sealed); *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal 1987) [recognizing that with respect to disclosure of police files, privacy rights are not inconsequential]. The documents contained information related to personnel, medical, and similar type information subject to privileges against invasion of privacy. Cal. Pen. Code § 832.8(f); Cal. Const., art. I, § 1; *Stewart v. City of San Diego*, 2010 U.S. Dist. LEXIS 124581, at *6 (S.D. Cal. Nov. 24, 2010) [federal courts generally recognize a right of privacy that can be raise in response to discovery requests]; *Kassab v. San Diego Police Dep't*, 2008 U.S. Dist. LEXIS 72619, at *8 (S.D. Cal. Sept. 19, 2008) [officer personnel files in their entirety are not discoverable]. The documents were compiled for law enforcement purposes and exempt from disclosure under state law. See Cal. Pen. Code § 823.7 and Cal. Evid. Code § 1043.

---

[1] See also Cal. Gov. Code, §6254(c) ["Personnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy."] and (f) ["Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, … any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes..

Plaintiff contended only federal law applied related to the determination of the discovery of the documents. *Kerr v. United States District Court,* 511 F.2d 192, 197-198 (9th Cir. 1975).

Rather than engage in a protracted motion related discovery dispute, the documents were ultimately produced to plaintiff for the purpose of this litigation only and subject to the protective order referenced in the prior papers.

The specific documents, submitted in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, which were originally sought by Plaintiff to be filed under seal (Exhibit number and Bates Stamp numbers) at issue here are:

1. Exhibit 14 (CSD-000208-000220): these documents are part of an internal affairs investigation and relate to a jaywalking incident involving Deputy Banks, other officers, and juvenile suspects. The documents have all juvenile identifying information redacted, but officer names, substance of allegations, and other identifying information remain, inclusive of the name of the mother of one minor. The date of the incident (June 20, 2013) is prior to the date of the Myles incident (September 5, 2014). There is no finding of officer misconduct (000208).

2. Exhibit 16 (CSD-001640; CSD-001682-1684, 1690-1693, 1710-1712, 1744-1763, 1765): these documents are part of an internal affairs and in-custody death investigation. The documents relate to a chase and suspect apprehension after a fight with multiple deputies on June 5, 2013. Deputy Banks was one of the deputies involved, and was the dog handler (for "Hero"—not the same dog as in the Myles incident; 1745, 1746). The suspect, Hugo Barragan, was 37, and died at the scene. Personal identifying information of other officers and individuals are contained in the records. Injury information and Barragan's identifying information are disclosed in the documents. Identifying information of other deputies involved in the incident are contained in the records.

3. Exhibit 19 (CSD-001651-1666, 1671-1678): these documents are part of an internal affairs use of force investigation and relate to an encounter on June 13, 2015

- 3 -

(post-Myles) between Deputy Banks and a juvenile thought to be a runaway, and resulting in injury to Deputy Banks (bite to arm) and his use of a taser on the juvenile. The juvenile identifying information was redacted. There is no dog involved. Witness identifying information was only partially redacted. The name of the mother of the minor arrested in the incident was not redacted (CSD 001660, 1661, 1665) and as such, there exists the potential that the minor involved in the incident can be identified notwithstanding the other redactions. The documents also contain medical and treatment information for Deputy Banks, inclusive of medical provider identifying information (CSD 001666).

4. Exhibit 42 (CSD-000208-220): these documents are the same as Exhibit 14, also redacted.

5. Exhibit 46 (CSD-001989-1997): these documents are from an internal affairs use of force investigation and relate to an incident occurring on September 27, 2015 (post-Myles incident), concerning a 22 year old suspect. A dog was deployed, but not by Banks (CSD-001994, 1996). The suspect's personal identifying information, inclusive of tattoo descriptions, is contained in the documents (CSD-001989-1991). Witness identifying information, inclusive of at least one individual's Social Security Number, is disclosed in the documents (CSD-001992).

6. Exhibit 47 (CSD-000222): barely legible, hand-written complaint that appears to be filed against Deputy Ertz, not Banks. Deputy Ertz is not a party to this litigation.

## III

## COMPELLING REASONS STANDARD

The 9th Circuit case of *Kamakana v. City and County of Honolulu* (2006) 447 F.3d 1172 addressed the applicable standard for the sealing of records, citing to the need to show by "compelling reasons" the necessity of continued secrecy outweighing the public interest in understanding the judicial process.

///

- 4 -

1   This approach was recently criticized by the U.S. District Court, District of
Columbia (*In the Matter of the Application of WP Company LLC d/b/a The Washington Post for Access to Certain Sealed Court Records*, 2016 WL 4401981), looking at a newspaper's request for disclosure of information contained in search warrant materials. In that case the court recognized "important individual privacy, reputational, and due process interests" which weighed against disclosure of search warrant materials not yet made public in the underlying case.  Likewise, in *United States v. Reeves*, 586 F.3d 20, 22, n. 1 (D.C. Cir. 2009) concluded that it was proper to only unseal portions of a pre-sentencing report submitted under seal, to the extent the court referenced the information in its opinion, while the full document "shall remain physically withheld from public review."  While there may be no active search warrant or other ongoing law enforcement investigation discussed within the subject documents, they nevertheless contain sensitive information subject to the privacy rights of third parties and several juveniles.  They are also documents subject to the official information and related privileges. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)); see also Cal. Gov. Code, §6254(c) and (f).  The implicated privacy and information privileges establish a compelling reason to maintain the confidential nature of the documents by sealing them.

In comparison, the importance of the documents to the present case and the pending dispositive motion are minimal to non-existent.  These documents do not show any wrong-doing by Deputy Banks.  There are two reported uses of force (Ex. 14 and 16) occurring prior to the Myles incident, neither resulting in a finding of any wrongdoing by Banks, and there are two use of force incidents occurring after the Myles incident, and again neither resulting in a finding of any wrongdoing by Banks.

Instead, Plaintiff takes a few use of force incidents that reflect just a small portion of Deputy Banks' career in law enforcement and seeks to publically brand him as an aggressor without any findings of misconduct.  A public release of these limited number of reports could give a member of the public a false impression of Deputy Banks.  This potential harm to Deputy Banks' reputation—by using a handful of incidents to

- 5 -

15-cv-1985-BEN(BLM)

1  wrongfully imply or suggest Deputy Banks uses unlawful force in the field – is another
2  "compelling reason" to seek placement of the subject documents under seal.
3  　　　　The documents should be ordered conditionally sealed and only such portions as
4  may be pertinent to the court's ultimate ruling on the summary judgment motion ordered
5  unsealed as occurred in *United States v. Reeves, supra,* 586 F.3d 20, 22, n. 1.
6  DATED: January 13, 2017　　　　THOMAS E. MONTGOMERY, County Counsel

By: s/ GEORGE W. BREWSTER JR., Chief Deputy
Attorneys for Defendants County of San Diego
and Jeremy Banks
E-mail: george.brewster@sdcounty.ca.gov