UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKAIL MYLES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,<br><br>　　　　　　　　　Defendants. | Case No.:  15-cv-1985-BEN (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEAL DOCUMENTS SUBMITTED BY PLAINTIFF IN HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT** |

Defendants have moved to seal certain exhibits submitted in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.  (Docket No. 81.)  For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

/ / /

1

## I.   LAW REGARDING THE RIGHT OF ACCESS TO JUDICIAL RECORDS

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597.  The main reason for this general right is to accommodate "the citizen's desire to keep a watchful eye on the workings of . . . government." *Id.* at 598.  However, the Supreme Court also stated that "the right to inspect and copy judicial records is not absolute." *Id.* at 589.  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.  *Id.*  That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "Simply mentioning a general category of privilege, without further elaboration or any specific linkage with the documents, [also] does not satisfy the burden." *Id.* at 1184.  A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Id.* at 1182.

The "compelling reasons" standard applies fully to dispositive motions, such as the one at issue here. *Id.* at 1179. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply.").

In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir.1986)).

## II. DISCUSSION

Defendants explain that the submitted exhibits are part of or related to internal affairs investigations by the County of San Diego's Sheriff's Department. The documents concern two investigations that occurred before the incident at issue in this lawsuit, and two investigations that occurred after the incident at issue here. These four investigations involved Defendant Deputy Banks, but none resulted in a finding of any wrongdoing by Banks. One document is a complaint filed against a non-party officer. Certain personal identifying information has been redacted in some of the documents. However, other personal identifying information remains, such as the names of officers involved and identifying information of the victims.

Defendants argue that these documents satisfy the compelling reasons standard for several reasons. First, the documents "contain sensitive information subject to the privacy rights of third parties and several juveniles." (Mot. at 5). Second, the documents are subject to the official information and related privileges. *Id.* Third, the "public release of these limited number of reports could give a member of the public a false impression of Deputy Banks [and] . . . potential[ly] harm [his] reputation." *Id.*

1    The Court agrees that information about third parties' personal identifying

2    information should not be disclosed to the public.  However, the Court disagrees that

3    Defendants' second and third reasons justify sealing.  Plaintiffs rely on California Penal

4    Code section 832.7, California Government Code section 6254, and California Evidence

5    Code section 1043 for the proposition that these statutes exempt the documents from

6    disclosure.  This action seeks damages for violations of Plaintiff's constitutional rights

7    and is brought under 42 U.S.C. § 1983.  In a federal question case, "federal common law

8    applies and a state statute, without more, does not shield disclosure in federal court or

9    rebut the strong presumption in favor of public access to judicial records."  *Gregory v.

10   City of Vallejo*, No. 2:13-cv-00320, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014)

11   (holding that internal investigation documents should not be sealed entirely but

12   permitting redaction of the names of third parties) (citing *Garrett v. City & Cnty. of San

13   Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987)).  The County still must show

14   compelling reasons to seal the documents.  *See Doe v. City of San Diego*, No. 12-cv-689-

15   MMA, 2014 WL 1921742, at *2-3 (S.D. Cal. May 14, 2014) (rejecting argument that

16   state privileges automatically justify sealing).  Furthermore, *Kamakana* explicitly rejected

17   reputational harm as a basis to seal records.  *Kamakana*, 447 F.3d at 1179.

18   Defendants have failed to demonstrate a compelling reason to shield the exhibits

19   from disclosure in their entirety.  Plaintiffs bring a *Monell* claim and allege that the

20   County has a practice of ignoring serious use of force incidents by its deputies.  The

21   exhibits are relevant to this allegation.  "Here, where the case involves allegations of

22   police misconduct, the public has a vested interest 'in assessing the truthfulness of

23   allegations of official misconduct, and whether agencies that are responsible for

24   investigating and adjudicating complaints of misconduct have acted properly and

25   wisely.'"  *Macias v. Cleaver*, No. 1:13-CV-01819-BAM, 2016 WL 3549257, at *4 (E.D.

26   Cal. June 30, 2016) (quoting *Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293,

27   1302 (N.D. Cal. 1995)).

28   / / /

The Court nevertheless concludes that certain information should be protected from public disclosure. Weighing the public interest involved against the individual privacy concerns, the Court finds that limited redactions will sufficiently protect the privacy interests of all involved. The redactions should include third parties' names and personal identifying information, such as addresses, social security numbers, and driver's license numbers. Redactions should include the names of victims, suspects, and witnesses, and where applicable, the names of their family members. However, the names of the law enforcement personnel involved in the incidents, either as alleged wrongdoers or investigators, should not be redacted. "An officer who is being interviewed during an internal investigation, or who is conducting such a probe, knows that what he says or writes could lead to criminal prosecution of other officers or to their termination from the force." *Macias*, 2016 WL 3549257, at *6 n.6. However, for safety considerations, an officer's home address, date of birth, social security number, and driver's license number should be redacted. Furthermore, for privacy reasons, the Court will allow the redaction of medical and treatment information of Deputy Banks, including the medical provider's identifying information, for the injuries he sustained in the incident described in Exhibit 19.

## III.   CONCLUSION

For the reasons explained, the Court grants in part and denies in part Defendants' motion to seal. Defendants should file the redacted exhibits within seven (7) days of the signature date of this Order. Defendants should file the redacted documents as a new entry under the civil event "redacted documents."

**IT IS SO ORDERED.**

Dated: January 19, 2017

Hon. Roger T. Benitez
United States District Judge

5