UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKAIL MYLES,<br><br>                         Plaintiff,<br>v.<br><br>COUNTY OF SAN DIEGO, et. al,<br>                        Defendants. | Case No.: 15cv1985-JAH-BLM<br><br>**ORDER DENYING DEFENDANT'S APPLICATION FOR LEAVE TO FILE MOTION TO CONSIDER DISPUTED JURY INSTRUCTIONS**<br>**[Doc. No. 163]** |

      On January 19, 2022, the parties appeared before the Court for a telephonic pretrial conference during which the Court provided deadlines regarding the parties' submission of proposed jury instructions. Specifically, the Court ordered the parties to meet and confer regarding jury instructions no later than April 4, 2022; file any motions regarding jury instructions on or before May 9, 2022; file responses to the motions on or before May 30, 2022, and any replies on or before June 9, 2022; and scheduled a hearing on jury instructions for June 22, 2022 at 10:30 am. On February 18, 2022, the Court issued an order restating the deadlines.

On May 10, 2022, Defendants filed proposed special jury instructions.[1] The Court ordered the Clerk of Court to strike the filing as untimely. In response to the Court's order striking the filings, Defendants filed the pending application on May 16, 2022. Plaintiff filed an opposition on May 18, 2022.

Defendants contend their failure to timely file their motion "was brought on by a number of factors including the plaintiff's counsel late response to meet and confer as well as the Court order which deviated significantly from the local rules." Defs' Application at 2. They maintain, without any discussion or argument in support, that the information in their proposed disputed special jury instructions is critical to the proper resolution of the trial.[2] Similar to their response to the Court's order striking their improperly filed amended motions *in limine*, Defendants also contend their failure to comply with the Court's deadline is the fault of counsel and any penalty should not flow to Defendants themselves.[3]

In his opposition, Plaintiff maintains counsel for the parties participated in a telephonic conference on April 4, 2022, to discuss motions *in limine* and jury instructions pursuant to the Court's order, during which Plaintiff's counsel explained they would not be submitting any special jury instructions and Defendants' counsel informed them they would be submitting special jury instructions and would send them to Plaintiff's counsel for consideration. He further maintains counsel received an email from Defendants after regular business hours on May 6, 2022, with their proposed special jury instructions, leaving only one (1) business day to meet and confer. Plaintiff contends, despite having insufficient time to meaningfully meet and confer, counsel reviewed Defendants' proposed instructions and notified Defendants' counsel by email that they were unacceptable and

---

[1] Defendants filed the proposed special instructions without seeking leave although they were aware they were filed beyond the deadline.
[2] Defendants are silent as to why the model jury instructions are not sufficient.
[3] This position is unsupported by case law. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 369 (1993) (explaining the Supreme Court has "held that clients must be held accountable for the acts and omissions of their attorneys.") (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962).

they would oppose any motion for the special jury instructions.  Plaintiff argues given the great task of preparing the case for trial, the burden of additional motion work is unacceptable and prejudicial.

  This is Defendants' second failure to comply with this Court's order in a short period of time without justification.[4]   In the instant application, Defendants improperly attempt to place blame on this Court and the opposing party.  Defendant insists the Court "deviated significantly" from the Local Rules in setting the deadline for filing any motion for special jury instructions.  However, as noted by Defendants in the first paragraph of their application, the local rule states, in relevant part, "*[u]nless otherwise ordered*, the parties must, not less than seven (7) calendar days prior to the date on which the trial is scheduled to commence" serve and file proposed jury instructions.  CivLR 16.1.f.9 (*emphasis added*).  The rule clearly indicates courts may set a different deadline and its placement at the beginning of the rule intimates it is likely a court will set a different deadline.  In accordance with the rule, this Court set a deadline and notified the parties of the deadline at the pretrial conference held in January 2022 and in a written order on February 18, 2022.

  Defendants also contend Plaintiff's counsel's late meet and confer brought about their failure to comply with the Court-ordered deadline.  They explain that

> The parties met and conferred regarding jury instructions.  Finally, on May 9, 2022, plaintiff's counsel indicated that he would not agree with defendants' proposed special jury instructions.

Defs' Application at 2; Clarke Decl.¶ 4.  Defendants, however, neglect to explain they did not provide the proposed instructions to counsel until after regular business hours on May 6, 2022, the Friday before the Monday deadline for filing the motion.  This lack of candor

---

[4] On April 28, 2022, Defendant sought leave to file amended motions *in limine* previously stricken by the Court as untimely.  Although the Court found Defendants failed to provide sufficient excuse for filing the motions beyond the deadline, the Court found it more appropriate to address the pertinent information surrounding evidentiary issues in advance of trial to promote the efficient resolution of the case and granted Defendants' application.

is particularly disingenuous and egregious in light of the Court's April 4, 2022 deadline to meet and confer. It gives the false impression the meet and confer occurred by the Court-ordered deadline and the proposed jury instructions were provided to Plaintiff's counsel on or near that date, giving Plaintiff sufficient time to raise his objections in advance of the motion deadline.

Defendants continue to disregard the Court's deadlines which provide the parties ample time to prepare for trial and are designed "to promote the just, efficient and economical determination" of this action. CivLR 1.1. Recognizing the need of courts "to establish deadlines to foster the efficient treatment and resolution of cases", the Ninth Circuit explained the courts efforts

> will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Defendants attempt to place blame on the Court and Plaintiff's counsel fails. They provide no reasonable excuse for their failure to meet the deadline. Additionally, their failure to comply with the Court's deadline for filing its motion for special jury instructions shortly after failing to comply with the Court's deadline for filing motions *in limine* demonstrates they do not take the deadlines seriously.[5]

Accordingly, IT IS HEREBY ORDERED Defendants' *ex parte* application for leave to file a motion to consider disputed jury instructions is DENIED.

DATED: May 19, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[5] The parties are reminded of their ongoing duty to comply with the Court's orders. *See* CivLR 83.1.