Browne Greene, SBN 38441
GREENE BROILLET & WHEELER, LLP
222 N. Pacific Coast Highway, Suite 2100
P.O. Box 955
El Segundo, California 90245
Telephone: (310) 576-1200
Facsimile: (310) 576-1220
Email:  bgreene@gbw.law

Daniel K. Balaban, SBN 243652
BALABAN & SPIELBERGER, LLP
11999 San Vicente Blvd., Suite 345
Los Angeles, California 90049
Telephone:  (424) 832-7677
Facsimile:  (424) 832-7702
Email:  daniel@dbaslaw.com

Joseph G. Dicks, SBN 127362
Linda G. Workman, SBN 128621
DICKS & WORKMAN ATTORNEYS AT LAW, APC
7825 Fay Avenue, Suite 120
La Jolla, California 92037
Telephone: (619) 685-6800
Facsimile: (619) 557-2735
Email:  jdicks@dicks-workmanlaw.com; lworkman@dicks-workmanlaw.com

Holly N. Boyer (SBN 221788)
Shea S. Murphy (SBN 255554)
ESNER, CHANG & BOYER
234 East Colorado Boulevard, Suite 750
Pasadena, California   91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859
Email:  hboyer@ecbappeal.com; smurphy@ecbappeal.com

Attorneys for MICKAIL MYLES, Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DECLARATION OF JOSEPH G. DICKS

*Myles v. County of San Diego, et al.*
Case No. 15-cv-1985-JAH (BLM)

MICKAIL MYLES, an individual,

        Plaintiff,

v.

COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,

        Defendants.

Case No.  15-cv-1985-JAH (BLM)

**DECLARATION OF JOSEPH G. DICKS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR DISCOVERY ABUSES AGAINST DEFENDANTS COUNTY OF SAN DIEGO AND JEREMY BANKS**

Date:     July 1, 2022
Time:    10:00 a.m.
Judge:   Hon. John A. Houston
Crtrm:   13B

Complaint Filed:  September 4, 2015

I, Joseph G. Dicks, declare:

1.     I am a member in good standing with the California Bar and an attorney licensed to practice law before the Courts in the State of California, as well as the United States District Court for the Southern District of California.  I am one of the attorneys of record for the Plaintiff, MICKAIL MYLES, in the herein case.

2.     I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.  This declaration is offered by Plaintiff in support of his Motion for Sanctions for Discovery Abuses.

3.     Attached to the Notice of Lodgment filed herewith are true and correct copies of the exhibits described therein.

4.     Discovery in this case started on a difficult note when Defendants refused to produce the documents identified in their privilege log, including their *claims files concerning the Myles abuse case*, the *officer personnel records*, and the *internal affairs records* concerning the officers involved in the Myles abuse. This forced Plaintiff to file a motion to compel. In what can only be described as a complete and total rebuke of the Defendants' position as to each and every one of its arguments against production, on May 4, 2016, Magistrate Judge Barbara

Major rendered a comprehensive, 40-page opinion ordering the production of each and every document identified on Defendants' privilege log. Only the records concerning the officer psychological testing and evaluation were ordered to be produced to the Magistrate for review, due to their sensitive nature. A copy of that decision is filed herewith as Exhibit Q, Doc. 24, highlighted for the Court's reference and convenience.

5.      As a consequence of the Court's order of May 4, 2016, requiring that the documents be produced by May 11th, the County, on May 6th and 11th, 2016, produced some obviously responsive documents. However, while working on his mediation video for a 2016 mediation, Plaintiff's legal team identified, through internet searches, several instances of reported abuses by Defendant BANKS, which made it very clear that the County was not being candid in discovery about the existence of other evidence and documents responsive to Plaintiff's discovery requests. In particular, Plaintiff identified:

(a) An instance wherein BANKS had used his then K-9 to attack Mr. Hugo Barragan, who was wanted on misdemeanor traffic infractions. The K-9 attack and other uses of force on Mr. Barragan resulted in his death and a homicide investigation. The Barragan incident was never disclosed to Plaintiff and records about it were never produced by the County.

(b) An instance wherein BANKS used a taser and choke hold on a 13-year-old child skateboarding illegally behind a supermarket. This incident was videotaped by shocked onlookers and reported on the news. The public outrage resulted in Sheriff Gore giving a news conference defending Banks' conduct despite the fact that only two days had passed and no investigation into BANKS' use of force had taken place. Similar to the Barragan incident, the child skateboarder tasing/choke hold incident was never disclosed to Plaintiff and records about it

(including Sheriff Gore's videotaped statements) were never produced by the County.

(c) Records concerning K-9 Bubo's training, certification and related documents.

6.    Defendants had either claimed that these items were previously produced (in the case of the Bubo records) or were previously objected to in response to Plaintiff's special interrogatories. Plaintiff's counsel pointed out in several letters that the County had failed to produce all of the K-9 records, and had, in addition, falsely represented that the documents concerning items (a) and (b) above had been identified in its privilege log, which was the subject the Court's May 4, 2016, Order on Motion to Compel.

7.    On May 20, 2016, and June 15, 2016, Myles' counsel called out Defendants' false and misleading discovery responses, demanding that the documents be produced. *See* Exhibits N and O, Dicks' letters to County Counsel, George Brewster and Morris Hill, dated May 20, and June 15, 2016, respectively. *See also,* Exhibit R, September 8, 2016, email to County Counsel and response thereto.

8.    Ultimately, the County produced additional relevant documents. Unfortunately, the delayed production caused Plaintiff great additional time and expense in re-taking the depositions of BANKS, K-9 County PKQ Jacob Pavlenko, Sergeant James Pucillo, Lieutenant Jeffrey Duckworth, Sheriff's Executive Officer Robert Kanaski, and Deputy Yancy Majordeleon. It also necessitated having Plaintiff's designated Police Procedures expert, Jeffrey Noble, read and analyze these additional documents and depositions and revise his Rule 26 report. In addition, years later -- specifically, on June 3, 2022 – it became obvious that Defendants *still* had not produced all of the responsive K-9 documents.

9.    Plaintiff's counsel learned in early June 2022 (once again as a result

of an internet search conducted by Plaintiff's counsel in preparation of a mediation video) that Defendants had again repeated their pattern of refusing to identify relevant evidence and produce obviously responsive documents. In particular, a Google search led Plaintiff's counsel to attorney Keith Rutman, who represented another victim of Bubo in an action entitled *Hartsell v. County of San Diego*. In prosecuting Hartsell's claims against the County of San Diego, attorney Rutman found out about a July 22, 2015 bite by Bubo of K-9 handler Deputy Stroh when the bite occurrence was casually mentioned before a deposition. After finding out about Bubo's bite of Stroh, attorney Rutman also found out through a colleague that Deputy Richard Fischer was a witness to Bubo's aggressive bite tendencies and the County's knowledge thereof.

10. Immediately after learning from attorney Rutman about Bubo's bite of Deputy Stroh and obtaining various discovery and pleadings from attorney Rutman relating to the *Hartsell* case, I brought concerns about this latest instance of discovery abuse and evidence suppression to the attention of County Counsel in an email dated June 3, 2022. (*See* Exhibit A, Email Correspondence with County Counsel.) Defense counsel replied two days later (*see id*.), and in the week thereafter, Defendants released over a thousand pages of discovery (*see id*.), which Plaintiff's counsel is still in the process of reviewing, but which notably appear to continue to omit numerous key documents related to Bubo and his bite of Deputy Stroh, and instead appear to be comprised primarily of documents previously disclosed by Defendants relating to issues other than the Stroh bite. In addition, on June 10, 2022, Defendants served yet another privilege log (Exhibit S, Defendants' Second Supplemental Privilege Log) asserting objections that were previously overruled in the Order on Plaintiff's Motion to Compel dated May 4, 2016, Doc. 24.

11. Through my on-going review of these documents, I also learned that the County appears to have wrongfully withheld material that Hartsell's counsel

DECLARATION OF JOSEPH G. DICKS    -4-    *Myles v. County of San Diego, et al.*
Case No. 15-cv-1985-JAH (BLM)

had demanded in Hartsell's action against the County. (A review of the *Hartsell* court filings also makes clear that, in the face of the County's opposition, attorney Rutman and his client were denied key records and the depositions of key witnesses, like Deputy Fischer, regarding the Stroh bite and other of Bubo's aggressive bite incidents.)

12.    The documents that were wrongly withheld from Plaintiff Mickail Myles by Defendants in the herein case, as well as the identity of witnesses revealed in those documents, represent a vast and rich potential source of probative information and evidence that supports not only Plaintiff Mickail Myles' current claims in his current case against the County, but that support Myles' *Monell* claim that was dismissed as a consequence of the County's motion for summary judgment filed in October of 2016 and decided by Hon. Roger T. Benitez on September 20, 2017. Plaintiff was denied his full and fair opportunity to oppose the summary judgment motion ultimately ruled upon by Judge Benitez, as Plaintiff simply was not provided with all the relevant, probative, responsive documents that were plainly in Defendants' custody and which Defendants only acknowledged existed after Plaintiff found out about them on his own and confronted Defendants about their failures.

13.    The documents Plaintiff was able to locate in early June 2022 (despite Defendants' previous efforts to conceal them) contain references to witnesses that Plaintiff would have deposed (Former K-9 Deputy Fischer, Former K-9 Deputy Stroh, K-9 Deputy Balinger, Balinger neighbor Justin Sybrandt, etc.) on issues directly bearing on Bubo, his handlers, his training, temperament and performance, all of which would have given Plaintiff substantial additional information, evidence and basis to prove his claims or, at the very least, defeat the summary judgment motion. In short, Plaintiff cannot possibly fully and fairly prepare his liability case against the Defendants in the manner he should have been able to had he had access to the information

wrongfully withheld.

14.     Plaintiff was also denied his full and fair opportunity to fully prepare his experts for trial and oppose Defendants' motions *in limine* -- in particular, *in limine* motions 6 and 7. Here, Defendants have filed motions *in limine* seeking to exclude Police Practices expert Jeffrey Noble from testifying concerning the training of the K-9 Bubo and to exclude evidence of other instances of Bubo's aggression. To deny Plaintiff the benefit of Mr. Noble's testimony and further deny Plaintiff the opportunity to offer evidence of other instances of Bubo's aggression, when that very testimony and evidence has been undermined by Defendants' failure to disclose and produce relevant documents demanded in discovery, is highly prejudicial to Plaintiff's ability to prove his case.

15.     Finally, the supplemental privilege log Defendants served on June 10, 2022, raises the specter that Defendants are still withholding documents based on objections Magistrate Judge Major found to be baseless in the context of this litigation, further exacerbating the prejudice Myles suffered in defending against the Defendants' several summary judgment motions and prosecuting his surviving claims.

16.     Plaintiff has, with all due diligence, as he has in all aspects of the prosecution of this case, brought this matter to the attention of this Court as rapidly as was possible, and only after bringing the matter to the attention of opposing counsel. Furthermore, pursuant to the Court's request, Plaintiff's counsel Linda Workman and I further met and conferred with defense counsel Ronald Lenert and Mildred O'Linn on June 15, 2022. During our meet and confer session on June 15th, the concerns which Plaintiff's counsel shared with defense counsel about Defendants' ongoing withholding of evidence were continually met with the defense refrain "tell us what documents you believe we're withholding." This response was not helpful or conducive to resolution

because, aside from the documents that Plaintiff's team was able to identify from our review of the *Hartsell* materials as still not being turned over with respect to the Stroh bite, Plaintiff would have no way of knowing what else Defendants might be withholding.

17.     Plaintiff wants his July 26, 2022 trial date. He and his family have scheduled time away from work, purchased their airplane tickets from Virginia where Plaintiff now lives, and have gone to great lengths to assure their availability for trial in July. The damage done to Plaintiff cannot be undone, but it can be redressed.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.   Executed this 16th day of June 2022, at San Diego, California.

    /s/ Joseph G. Dicks
    Joseph G. Dicks