# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKAIL MYLES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,<br><br>Defendants. | Case No. 3:15-cv-01985-JAH-BLM<br><br>**ORDER GRANTING DEFENDANTS' APPLICATION FOR LEAVE TO FILE A MOTION TO CLAW BACK AND SETTING BRIEFING SCHEDULE**<br>**[Doc. No. 243]** |

Pending before the Court is Defendant's application for leave to file a motion to claw back privileged documents which were inadvertently disclosed during document exchange. Defendants contend they inadvertently disclosed documents clearly marked "attorney-client privilege" and after meeting and conferring, Plaintiff refused to comply with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b). Defendants believe Plaintiff intends to disseminate the information to the media or at trial. They request the Court stay any further review or dissemination of the documents and set an expedited briefing schedule on a motion to claw back the inadvertently produced documents.

Plaintiff opposes the request. Plaintiff maintains, during the parties' exchange

of trial exhibits on July 19, 2022, he received a number of trial exhibits from Defendants with evidence that had not been previously identified or produced in response to his discovery requests or in supplemental disclosures and were not disclosed in any of the four privilege logs served by Defendants.  He further maintains Defendants did not assert any privilege at the hearing before this Court on July 20, 2022, when Plaintiff raised concerns about Defendants' surveillance, which is the subject of some of the identified documents Defendants seek to claw back, and only asserted privilege after Plaintiff outlined his concerns regarding their failure to produce documents and the issue of additional sanctions in a letter dated July 29, 2022.  Plaintiff argues Defendants' request is an attempt to line up a second bite of the apple addressing the issues surrounding the documents and Defendants' claims of privilege which are the subject of Plaintiff's motion for sanctions.

In response to Defendants' request to stay of any further review or dissemination of the documents, Plaintiff contends he has not disseminated any documents to the press or even attached them to his motion for sanctions.  He argues the evidence should not be suppressed for purposes of trial, pretrial preparation or pre or post trial briefing.

Defendants should be permitted to address the allegedly privileged nature of the documents produced and seek their return.  The Court recognizes issues addressed in a motion to claw back will likely overlap with those addressed in Plaintiff's pending motion for sanctions which is based on the allegedly privileged documents.

The Court finds good cause exists to grant Defendants' request to stay any dissemination and further review of the documents at issue.

Accordingly, IT IS HEREBY ORDERED:

1.  Defendants application for leave to file a claw back motion is **GRANTED**.

2.  Defendants may file a motion to claw back documents of no more than seven (7) pages.  Defendants shall file the disputed documents under seal as an attachment to the motion and may file no more than five (5) additional pages of attachments

relating to their motion **on or before August 23, 2022**.

3.  Plaintiff shall file a response to the motion of no more than seven (7) pages and no more than five (5) pages of additional attachments **on or before August 30, 2022**.

4.  Defendants may file a reply in support of the motion to claw back of no more than three (3) pages **on or before September 2, 2022**.  No attachments will be accepted.

5.  Plaintiff shall stay any further review or dissemination of the documents at issue.

6.  Pursuant to Rule 26, Plaintiff shall retrieve any copies of the disputed documents disseminated to third parties and return the disputed documents and copies thereof to Defendants **on or before August 23, 2022**.

DATED:  August 19, 2022

_____
THE HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE