1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  MICKAIL MYLES, an individual, | Case No. 3:15-cv-01985-JAH-BLM |
| 11          Plaintiff, | **COURT'S FINAL JURY INSTRUCTIONS** |
| 12          v. | |
| 13  COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual, | |
| 14 | |
| 15 | |
| 16          Defendants. | |
| 17 | |

18
19
20
21
22
23
24
25
26
27
28

# COURT'S INSTRUCTION NO. 1

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Copies of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may have said or done that I have an opinion regarding the evidence or what your verdict should be.

# COURT'S INSTRUCTION NO. 2

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**COURT'S INSTRUCTION NO. 3**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of the facts controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that is excluded or stricken, or that you have been instructed to ignore or disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 4
## EVIDENCE FOR LIMITED PURPOSE

Except for evidence admitted as it relates to the alleged unlawful encounter with Plaintiff, which may be used for all purposes during your deliberations, you may consider evidence of other alleged wrongs, acts and incidents committed by Defendant Banks for the limited purpose of its relevance to his alleged conduct involving Plaintiff.

These other alleged wrongs, acts and incidents committed by Banks may be considered as evidence against Defendant County of San Diego.

# COURT'S INSTRUCTION NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**COURT'S INSTRUCTION NO. 6**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, or is a client of a party, including county employees, the deposition of that person may be used at the trial.

The video deposition of Michael Dorsett was taken on April 5, 2016.  Mr. Dorsett was not available to testify at trial.  Insofar as possible, you should consider his deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

# COURT'S INSTRUCTION NO. 7
## USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

# COURT'S INSTRUCTION NO. 8

## USE OF REQUESTS FOR DOCUMENTS

Evidence was presented to you in the form of responses to requests for production of documents of one of the parties submitted by the other side.  These responses were given in writing before the trial in response to demands for requests for documents that were submitted under established court procedures.  You should consider the responses, insofar as possible, in the same way as if they were made from the witness stand.

# COURT'S INSTRUCTION NO. 9

## USE OF PRIVILEGE LOGS

Evidence was presented to you in the form of the service of privilege logs prepared by Defendant County of San Diego.  A privilege log is a document prepared by a party identifying documents it claims are responsive to a request for production of documents but will not be produced based upon a claim of privilege.  You have heard evidence that Defendant County of San Diego prepared and served a privilege log and four (4) amended privilege logs on Plaintiff in response to Plaintiff's demands for requests for documents that were submitted under established court procedures. You should consider the contents of the privilege logs, insofar as possible, in the same way as if they were made from the witness stand.

**COURT'S INSTRUCTION NO. 10**

**TRANSCRIPT OF RECORDING IN ENGLISH**

You listened to a recording that has been received in evidence. Each of you had access to a transcription of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.

# COURT'S INSTRUCTION NO. 11

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1
2

**COURT'S INSTRUCTION NO. 12**

**EXPERT OPINIONS**

3   You have heard testimony from Monte S. Buchsbaum, M.D., Scott C.
4   Matthews, M.D., Jeffrey Noble, Dean Delis, Ph.D., Dominick Addario, M.D. and
5   Curtis Cope who testified to opinions and the reasons for their opinions.  This opinion
6   testimony is allowed, because of the education or experience of these witnesses.

7   Such opinion testimony should be judged like any other testimony.  You may
8   accept it or reject it, and give it as much weight as you think it deserves, considering
9   the witness's education and experience, the reasons given for the opinion, and all the
10   other evidence in the case.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. 13
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# COURT'S INSTRUCTION NO. 14

## IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that a witness or witnesses made prior inconsistent statements under oath.   You may consider the circumstances under which any statement was made, along with all the other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**COURT'S INSTRUCTION NO. 15**

**CREDIBILITY OF EXPERT WITNESS**

Before the introduction of evidence in the case, Defendants requested the Court to order all witnesses out of the courtroom before they were called to testify.  That request can be made with a reservation or exception to permitting certain identified witnesses, such as a party's expert to remain in the courtroom.  In this matter, the request was not accompanied by a reservation or exception relating to any identified witness.

One purpose of an order to exclude witnesses is to eliminate the possibility of a witness who listens to testimony relating to matters of which he or she has been summoned to court to testify, adjusting their testimony for any untoward purposes, such as to align his/her testimony in a manner supporting the case of the party summoning them to court and, as importantly, interfering with the trier of fact's duty properly weigh the credibility of each witness's testimony.

The receipt of prior testimony by a prospective or future witness, which allows that witness to read, digest and reflect upon the prior testimony before he/she testifies, heightens these concerns.

In this case, after the Court granted the request to remove all witnesses from the courtroom, Defendants shared with Mr. Cope, the Defendants' expert on use of force, the testimony of witnesses, including the prior testimony of Defendant Banks, Officer Allison, deputies and the September 23, 2022 testimony of Mr. Noble, Plaintiff's use of force expert.  The practice of defense counsel and Mr. Cope of doing so in other cases is not controlling under the circumstances here.

This disclosure was in violation of this Court's order.   To the credit of Defendants' attorneys, they brought this disclosure to the Court's attention.

However, the voluntary disclosure by Defendants' counsel does not remove the potential taint embodied in Mr. Cope's testimony, as to the strong possibility that it may interfere with the jury's ability to objectively discern his credibility and as to

1  Plaintiff's ability to adequately and properly cross-examine him to assist you in your
2  truth-seeking process.

3         Experts may testify with respect to their opinions and the reasons for those
4  opinions.  Such testimony should be judged like any other testimony.  You may accept
5  or reject and give it as much weight as you think it deserves, considering the witness's
6  education and experience, the reasons given for the opinion and all the evidence in
7  the case.

8  You have to determine whether or the extent to which Defendants' witness's
9  testimony was influenced by his ability to study the transcripts of the testimony of
10 previous witnesses in this case or improperly tailor and fabricate with respect to his
11 review of such testimony of any witness, particularly Mr. Noble or that of Defendant
12 Banks and/or the other deputies present at the encounter with Plaintiff.  You must then
13 give it the weight you determine it deserves under the circumstances.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COURT'S INSTRUCTION NO. 16**

**WILLFUL SUPPRESSION OF EVIDENCE**

You may consider whether one party intentionally concealed evidence.  You are instructed that the Court has determined that the County of San Diego willfully concealed evidence in this case. Specifically, the Court has found that the Defendant concealed the following evidence:

1. Significant portions of use of force on June 5, 2013, by Defendant Banks on Hugo Barragan and Defendant County of San Diego's investigation thereof;

2. Significant portions of use of force on September 13, 2014, by Defendant Banks on Gary Ocampo and Defendant County of San Diego's investigation thereof;

3. Use of force on March 6, 2015, by Defendant Banks on Jessie Alvarez and Defendant County of San Diego's investigation thereof;

4. Significant portions of use of force on June 13, 2015, by Defendant Banks on Josh Castaneda and Defendant County of San Diego's investigation thereof;

5. Significant portions of use of force on September 27, 2015, by Defendant Banks on Felipe Cortez and Defendant County of San Diego's investigation thereof;

6. Use of force on October 17, 2016, by Defendant Banks on Erin Valdez and Defendant County of San Diego's investigation thereof; and

7. Use of force on February 18, 2017, by Defendant Banks on Amadeus Lopez and Defendant County of San Diego's investigation thereof.

You may further consider this instruction in regard to:

1. Whether the conduct of the Defendant County of San Diego was a purposeful attempt to deprive Mr. Myles of his right to a fair trial in this matter.

2. Whether the conduct of the Defendant County of San Diego is evidence of a pattern, practice or policy to endorse, ratify, cover-up, or encourage Defendant Banks' excessive use of force, or is evidence of Defendant County of San

Diego's failure, refusal or unwillingness to properly investigate allegations of Defendant Banks's use of excessive force.

You may also consider whether the concealed evidence may have been unfavorable to Defendant County of San Diego.

## COURT'S INSTRUCTION NO. 17

### PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

# COURT'S INSTRUCTION NO. 18

## FAILURE TO EXPLAIN OR DENY EVIDENCE

If a party failed to explain or deny evidence against him or it when he or it could reasonably be expected to have done so based on what he or it knew, you may consider his or its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

**COURT'S INSTRUCTION NO. 19**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically, except audio and video, will be provided to you in that form, and you will be able to view them in the jury room.  A computer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury.  If you send such a note, do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing

such materials.  Do not remove the computer or any electronic data from the jury room, and do not photograph with cell phones or copy any such data.

Evidence contained on audio and video media will not be sent to the jury room.

To the extent the jury is interested in the playback of evidence contained on audio and video media, you may send out a note through the bailiff to so request. After consultation with counsel, the Court will decide, in exercising its discretion, whether the request to playback should be granted.  In the event your request is granted, the playback will occur in the courtroom with counsel present.

Even though the electronic exhibits will be available for you to view in the jury deliberation room, a hard copy of all exhibits will be sent to the jury room for you to consult.

# COURT'S INSTRUCTION NO. 20

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

# COURT'S INSTRUCTION NO. 21

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Defendant claims that Plaintiff's own negligence contributed to his harm.  To succeed on this claim, Defendants must prove both of the following by a preponderance of the evidence:

1.  That Plaintiff was negligent; and

2.  That negligence was a substantial factor in causing his harm.

If you find that the negligence or fault of more than one person including either Defendant and Plaintiff was a substantial factor in causing harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form.  The percentages must total 100 percent.

You will make a separate finding of Plaintiff's total damages, if any.   In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

Case No. 3:15-cv-01985-JAH-BLM

**COURT'S INSTRUCTION NO. 22**

**NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff claims that he was harmed by Defendant Banks's negligence.   To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1.  That Defendant Banks was negligent;

2.  That Plaintiff was harmed; and

3.   That Defendant Banks's negligence was a substantial factor in causing Plaintiff's harm.

The term "harmed" includes loss, injury and damage.

# COURT'S INSTRUCTION NO. 23

## BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Defendant Banks's situation.

**COURT'S INSTRUCTION NO. 24**

**CIVIL RIGHTS ACTION—42 U.S.C. § 1983 INTRODUCTORY INSTRUCTION**

Plaintiff brings two of his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1.   One claim involves the alleged excessive force claim referred to in Instructions 26, 27 and 28.

2.   The second claim involves the alleged unlawful seizure due to false imprisonment claim referred to in Instruction 29.

# COURT'S INSTRUCTION NO. 25
## CIVIL RIGHTS ACTION—42 U.S.C. § 1983 CAUSATION

In order to establish that the acts of Defendant Banks deprived Plaintiff of particular rights under the United States Constitution as explained in the foregoing instructions, Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the particular constitutional rights as to be the moving force that caused the ultimate injury.

The acts are so closely related to the deprivation of the constitutional right if it/they are more than a remote or trivial factor, one that a reasonable person would consider to have contributed in causing harm to Plaintiff.

**COURT'S INSTRUCTION NO. 26**

**CIVIL RIGHTS ACTION—42 U.S.C. § 1983 AGAINST**

**INDIVIDUALS—INDIVIDUAL CAPACITY**

In order to prevail on his § 1983 claim against the Defendant Banks, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law, which has already been established; and

2. the acts of the defendant deprived Plaintiff of his particular rights under the United States Constitution as explained in Instructions 27, 28 and 29.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that Defendant Banks acted under color of state law.

If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under instructions I am about to review with you, your verdict should be for Plaintiff.

If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**COURT'S INSTRUCTION NO. 27**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—**

**UNREASONABLE SEIZURE OF PERSON—GENERALLY**

As previously explained, Plaintiff has the burden of proving that the acts of Defendant Banks deprived Plaintiff of particular rights under the United States Constitution.  In this case, Plaintiff alleges the defendant deprived him of his rights under the Fourth Amendment to the United States Constitution when utilizing unreasonable force.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the defendant deprived Plaintiff of this Fourth Amendment right, Plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  Defendant Banks seized Plaintiff's person;

2.  in seizing Plaintiff's person, Defendant Banks acted intentionally; and

3.  the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in Plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1.  the number of deputies present;

2.  whether weapons were displayed;

3.  whether the encounter occurred in a public or nonpublic setting;

4.   whether the deputies' manner would imply that compliance would be compelled; and

5.  whether the deputies advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Therefore, the plaintiff must prove that the defendant intended to use unreasonable force.  It is not enough to prove that the defendant negligently or accidentally engaged in that action.  But while the plaintiff must prove that the defendant intended to act; the plaintiff need not prove that the defendant intended to violate the plaintiff's Fourth Amendment rights.

**COURT'S INSTRUCTION NO. 28**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—**

**UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a deputy uses excessive force in detaining a subject. Therefore, to establish an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Defendant Banks used excessive force when detaining a suspect.

Under the Fourth Amendment, a deputy may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy on the scene and not with the 20/20 vision of hindsight. Although the facts known to the deputy are relevant to your inquiry, an deputy's subjective intent or motive is not relevant to your inquiry.

In determining whether the deputy used excessive force in this case, consider all of the circumstances known to the deputy on the scene, including:

(1) the nature of the crime or other circumstances known to the deputy at the time force was applied;

(2) whether the Plaintiff posed an immediate threat to the safety of the deputy or to others;

(3) whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the deputy had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the type and amount of force used;

(6) the availability of alternative methods to subdue the Plaintiff;

(7) the number of lives at risk, if any and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

and

(8)  whether it was practical for the deputy to give warning of the imminent use of force, and whether such warning was given.

The use of force allegedly applied by the canine in this case was not deadly force.

**COURT'S INSTRUCTION NO. 29**

**PARTICULAR RIGHTS—42 U.S.C. § 1983 FOURTH AMENDMENT—**
**UNREASONABLE SEIZURE OF PERSON—FALSE IMPRISONMENT**

As previously explained, the Plaintiff has the burden of proving that the acts of Defendant Banks deprived the Plaintiff of particular rights under the United States Constitution.  In this case, Plaintiff alleges the Defendant deprived him of his rights under the Fourth Amendment to the Constitution when Plaintiff was unlawfully seized, arrested, confined, imprisoned and physically abused.

Under the Fourth Amendment, a person has the right to be free from an unlawful seizure, arrest, confinement, imprisonment and physical abuse. In order to prove the defendants deprived Plaintiff of this Fourth Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:

1. Defendant Banks seized, arrested, confined, imprisoned or physically abused Plaintiff's person;

2. in seizing, arresting, confining, imprisoning or physically abusing Plaintiff's person, Defendant Banks acted intentionally; and

3. the seizure, arrest, confinement, imprisonment or physical abuse was unreasonable.

A defendant "seizes" Plaintiff's person when he restrains Plaintiff's liberty through coercion, physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in Plaintiff's position would have felt free to leave, consider all of the circumstances, including

1. the number of deputies present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the deputy's manner would imply that compliance would be compelled; and

5. whether the deputies advised Plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Therefore, Plaintiff must prove that the Defendant intended to force Plaintiff to exit his vehicle, handcuff, and otherwise detain Plaintiff. It is not enough to prove that the Defendant negligently or accidentally engaged in that action.  But while Plaintiff must prove that the Defendant intended to act, Plaintiff need not prove that the defendant intended to violate Plaintiff's Fourth Amendment rights.

# COURT'S INSTRUCTION NO. 30

## BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE § 52)

Plaintiff claims that Defendant Banks intentionally interfered with his civil rights by threats, intimidation, or coercion.  To establish this claim, Plaintiff must prove all the following by a preponderance of the evidence:

1.  That Defendant Banks acted violently against Plaintiff to prevent him from exercising his right to be free from excessive force;

2.  In his action Defendant Banks intended to deprive Plaintiff's right to his enjoyment of the interests protected by the right to be free from excessive force;

3.  That Plaintiff was harmed; and

4.  That Defendant Banks's conduct was a substantial factor in causing Plaintiff's harm.

Unlike the elements Plaintiff must prove to meet his burden of proof on his section 1983 claim of Defendant Banks's use of unreasonable force, the officer's intent is critical when determining this Bane Act claim.

A law enforcement officers acts "intentionally when that person acts with a conscious objective to engage in particular conduct.  Thus, Plaintiff must prove Defendant Banks specifically intended to deprive him of his right to be free from excessive force, or acted with reckless disregard of depriving Plaintiff of his right to be free from excessive force.

It is not enough, however, that Plaintiff only proves Defendant Banks acted negligently, accidentally or inadvertently conducting the unreasonable force.

**COURT'S INSTRUCTION NO. 31**

**SECTION 1983 CLAIM AGAINST DEFENDANT COUNTY OF SAN DIEGO BASED ON UNLAWFUL OFFICIAL POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against the County of San Diego alleging liability based on an official policy, practice, or custom, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Defendant Banks acted under color of state law;

2.      the acts of Defendant Banks deprived Plaintiff of his particular rights under the Fourth Amendment of the United States Constitution as explained in these instructions;

3.      Defendant Banks acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Defendant the San Diego County Sheriff's Department; and

4.      that the Defendant County of San Diego had an official policy or widespread or longstanding practice or custom caused the deprivation of the Plaintiff's rights by the Defendant Banks; that is, the County San Diego's Department's official policy or widespread or longstanding practice or custom which so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  I instruct you that Defendant Banks acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant San Diego County Sheriff's Department, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject

matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant San Diego County Sheriff's Department.  A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violator was not disciplined, reprimanded or punished.

A "custom or practice" can be demonstrated by evidence of repeated constitutional violations which are not properly investigated or for which the responsible deputies are not punished or disciplined.

In making this decision, you may consider any evidence:

1)      That the Defendant County of San Diego failed to properly investigate alleged incidents of excessive force by Defendant Banks;

2)      That following the alleged uses of force by Defendant Banks, the County of San Diego failed to discharge, reprimand or otherwise discipline Defendant Banks; and

3)      That following the alleged uses of excessive force by Defendant Banks, the Defendant County of San Diego failed to acknowledge Defendant Banks' conduct was in error.

It is for you to decide whether any force used in a given circumstance was excessive.

Liability for a custom or practice may be imposed irrespective of whether official policy makers had actual knowledge of the practice or custom at issue.

The extent and openness of incidents of excessive use of force supports an inference that managerial level employees knew or should have known of their occurrence.

If you find that Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under Instructions 26, 27, 28 or 29, your verdict should be for the Plaintiff.  If, on the other hand, you find that

1   the Plaintiff has failed to prove any one or more of these elements, your verdict should

2   be for the Defendant.

**COURT'S INSTRUCTION NO. 32**

**SECTION 1983 CLAIM AGAINST DEFENDANT COUNTY OF SAN DIEGO BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against Defendant County of San Diego alleging liability based on ratification by a final policymaker, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   Defendant Banks acted under color of state law;

2.   the acts of Defendant Banks deprived Plaintiff of his particular rights under the Fourth Amendment of the United States Constitution as explained in later instructions;

3.   Sheriff Gore acted under color of state law;

4.   Sheriff Gore had final policymaking authority from Defendant County of San Diego concerning the acts of Defendant Banks; and

5.   Sheriff Gore ratified Defendant Banks's acts, that is, Sheriff Gore knew of and specifically made a deliberate choice to approve Defendant Banks's acts and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that the Defendant County of San Diego's employee, Defendant Banks, acted under color of state law.

I instruct you that San Diego County Sheriff had final policymaking authority from defendant San Diego County Sheriff Department concerning the acts at issue and, therefore, the fourth element requires no proof.

If you find that Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements he is required to prove under Instructions 27, 28, 29, or 31 your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the

1  Defendant.

# COURT'S INSTRUCTION NO. 33

## SECTION 1983 CLAIM AGAINST DEFENDANT COUNTY OF SAN DIEGO BASED ON POLICY OF FAILURE TO TRAIN —ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against Defendant County of San Diego alleging liability based on a policy that fails to prevent violations of law by its failure to train its deputies, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  the acts of Defendant Banks deprived the Plaintiff of his particular rights under the Fourth Amendment the United States Constitution as explained in later instructions;

2.  Defendant Banks acted under color of state law;

3.  the training policies, practices and procedures of Defendant County of San Diego were not adequate to prevent violations of law by its deputies or to train its deputies to handle the usual and recurring situations with which they must deal;

4.  Defendant County of San Diego was deliberately indifferent to the substantial risk that its training was inadequate to prevent violations of law by its deputies known or obvious consequences of its failure to train its deputies adequately; and

5.  the failure of Defendant County of San Diego to prevent violations of law by its deputies or to provide adequate training caused the deprivation of the Plaintiff's rights by the Defendant Banks; that is, the Defendant's failure to prevent violations of law by its deputies or to train played a substantial part in bringing about or actually causing the injury or damage to the Plaintiff.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  I instruct you that Defendant Banks acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.  A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations.   To establish that there is a policy based on a failure to preserve constitutional rights, the Plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the Plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  The Plaintiff may prove deliberate indifference in this case by showing that the facts available to the County of San Diego put it on actual or constructive notice that its failure to implement adequate policies or failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as the plaintiff due to Defendant Banks's conduct.

If you find that the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements he is required to prove under Instruction 25, 26, 27, 30, or 31, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

# COURT'S INSTRUCTION NO. 34

## NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEE AGAINST DEFENDANT COUNTY OF SAN DIEGO

Plaintiff claims that he was harmed by Defendant Banks and that Defendant County of San Diego is responsible for that harm because Defendant County of San Diego negligently hired, supervised, trained or retained Defendant Banks.   To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1.      That Defendant County of San Diego hired Defendant Banks;

2.      That Defendant Banks was or became unfit, or incompetent or violent and that this unfitness, incompetence or violent tendencies created a particular risk of harm to others;

3.      That County of San Diego County knew of should have known that Defendant Banks was unfit and that this unfitness created a particular risk to other;

4.      That Defendant Banks's unfitness harmed Plaintiff; and

5.      That County of San Diego's negligence in hiring, supervising, or retaining Defendant Banks was substantial factor in causing Plaintiff's harm.

Plaintiff has to show the employer was negligent in these respects after actual or constructive notice that the employee created a particular risk or hazard to others.

1
2

**COURT'S INSTRUCTION NO. 35**

**AGENT AND PRINCIPAL—DEFINITION**

3
4
5

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COURT'S INSTRUCTION NO. 36

## BOTH PRINCIPAL AND AGENT SUED—NO ISSUE AS TO AGENCY OR AUTHORITY

The Defendants are sued as principal and agent.  The Defendant County of San Diego is the principal and Defendant Banks is the agent.  If you find against Defendant Banks on the negligence and Bane Act claims, then you must also find against Defendant County of San Diego.  However, if you find for Defendant Banks, then you must also find for Defendant County of San Diego.

This agency principle does not apply to the Defendant of San Diego as to Plaintiffs § 1983 claims—Instructions 24, 25, 26, 27, 28, 31, 32, 33 and 34.

# COURT'S INSTRUCTION NO. 37
## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.  You should consider the following:

1.  The nature and extent of the injuries; and

2.  The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# COURT'S INSTRUCTION NO. 38

## MEASURE OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

1.  The nature and extent of the injuries;

2.  The disability, disfigurement, loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and

3.  The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

## COURT'S INSTRUCTION NO. 39

## DAMAGES ON MULTIPLE LEGAL THEORIES

Plaintiffs seeks damages from Defendant County of San Diego and Defendant Banks under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendant County of San Diego and/or Defendant Banks is liable to Plaintiff under the following legal theories:

(a) Negligence;

(b) Violation of Civil Rights pursuant to Section 1983 and the Bane Act.

The following items of damages are recoverable only once under all of the above legal theories:

Past and future medical expenses.

# COURT'S INSTRUCTION NO. 40

## DAMAGES—MITIGATION

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.  that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

# COURT'S INSTRUCTION NO. 41

## LIFE EXPECTANCY

If you decide Plaintiff has suffered damages that will continue for the rest of his life, you must determine how long he will probably live.  According to the Vital Statistics of the United States, published by the National Center for Health Statistics, a 34-year-old male is expected to live another 42.16 years.  This is the average life expectancy. Some people live longer and others die sooner.

This published information is evidence of how long a person is likely to live but is not conclusive.  In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

## COURT'S INSTRUCTION NO. 42
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1     **COURT'S INSTRUCTION NO. 43**
2     **CONSIDERTION OF EVIDENCE —CONDUCT OF THE JURY**

3         Because you must base your verdict only on the evidence received in the case
4     and on these instructions, I remind you that you must not be exposed to any other
5     information about the case or to the issues it involves.  Except for discussing the case
6     with your fellow jurors during your deliberations.

7         Do not communicate with anyone in any way and do not let anyone else
8     communicate with you in any way about the merits of the case or anything to do with
9     it.  This includes discussing the case in person, in writing, by phone, tablet, computer,
10    or any other means, via email, via text messaging, or any internet chat room, blog,
11    website or application, including but not limited to Facebook, YouTube, Twitter,
12    Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This
13    applies to communicating with your family members, your employer, the media or
14    press, and the people involved in the trial.  If you are asked or approached in any way
15    about your jury service or anything about this case, you must respond that you have
16    been ordered not to discuss the matter and to report the contact to the court.

17        Do not read, watch, or listen to any news or media accounts or commentary
18    about the case or anything to do with it, although I have no information that there will
19    be news reports about this case; do not do any research, such as consulting
20    dictionaries, searching the Internet, or using other reference materials; and do not
21    make any investigation or in any other way try to learn about the case on your own.
22    Do not visit or view any place discussed in this case, and do not use Internet programs
23    or other devices to search for or view any place discussed during the trial.  Also, do
24    not do any research about this case, the law, or the people involved—including the
25    parties, the witnesses or the lawyers—until you have been excused as jurors. If you
26    happen to read or hear anything touching on this case in the media, turn away and
27    report it to me as soon as possible.

28

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**COURT'S INSTRUCTION NO. 44**

**COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Case No. 3:15-cv-01985-JAH-BLM

**COURT'S INSTRUCTION NO. 45**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.