UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKAIL MYLES, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,<br><br>　　　　Defendants. | Case No. 15-cv-01985-JAH-BLM<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL AND DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW [Doc. Nos. 447, 448]** |

Pending before the Court are Defendants' motion for a new trial and Defendants' motion for judgment as a matter of law. Plaintiff filed oppositions to the motions and Defendants filed replies. After a thorough review of the parties' submissions and for the reasons discussed below, the Court DENIES Defendants' motions.

I. **Legal Standards**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a party may renew a motion for judgment as a matter of law and "may include an alternative or joint request for a new trial under Rule 59." FED.R.CIV.P. 50(b). "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict;

1. (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.* Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED.R.CIV.P. 50(a)(1). However, if substantial evidence supports the jury's findings, the verdict should be upheld "even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). In entertaining a motion for judgment as a matter of law, a court should review the evidence and "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

A court may grant "a new trial on all or some of the issues--and to any party-- after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). Because Rule 59 does not instruct on the grounds upon which a motion for a new trial may be granted, the Court must look to the grounds historically recognized by the courts, including (1) the verdict is contrary to the clear weight of the evidence and (2) the trial was unfair for some other reason. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. (200)); *Roy v. Volkswagen of America*, 896 F.2d 1174, 1176 (9th Cir. 1990).

**II. DISCUSSION**

Defendants argue the jury's findings on Plaintiff's claims are not supported as a matter of law and the award of damages was excessive. They also argue the clear weight of the evidence is against the jury's findings and, therefore, the Court should, at least, grant them a new trial.

**A. Jury's Findings on Plaintiff's Claims**

**1. Excessive Force by Defendant Banks**

Defendants argue the evidence demonstrates Defendant Banks acted

objectively reasonably under the totality of the circumstances based on the information known to him at the time of his actions, and therefore, insufficient evidence exists to support the jury's contrary findings.  Even if the Court determines substantial evidence supports the jury's findings, Defendants argue, they are entitled to qualified immunity because Plaintiff failed to demonstrate a violation of a constitutional right and that the constitutional right was clearly established at the time of Defendants' actions.

Defendants point to no evidence from the trial in support of their argument that Defendant Banks acted reasonably under the circumstances.  A review of the record demonstrates evidence during trial, including the testimony of Plaintiff, other eye-witness testimony and expert testimony, supports the jury's finding that Deputy Banks' use of force was unreasonable under the circumstances.

Defendants argue, even if the Court finds substantial evidence exists, they are entitled to qualified immunity.  Under the doctrine of qualified immunity, officials are protected from civil liability "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  The qualified immunity analysis is a two-prong test that requires the Court to determine 1) whether the plaintiff's alleged facts establish a violation of a constitutional right, and 2) whether that right was clearly established at the time of the defendant's alleged misconduct.  *Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017) (citing *Pearson*, 555 U.S. at 232).  Both prongs must be satisfied to overcome a qualified immunity defense.  *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017).  As discussed above the evidence demonstrates a constitutional violation occurred, and as previously found in this case, the right was clearly established at the time of Defendant Banks' conduct.  Accordingly, Defendants are not entitled to qualified immunity.

//

## 2. *Monell* Claims

Defendants also argue they are entitled to judgment as to the *Monell* failure to train and ratification claims because facts demonstrate no constitutional violation occurred and without a predicate violation, there can be no *Monell* violation. As discussed above, the evidence supports a constitutional violation.

Even if the Court finds a constitutional violation was shown, Defendants argue Plaintiff presented insufficient evidence to demonstrate an unconstitutional pattern and practice which would give rise to liability under *Monell*, and no evidence of improper training or ratification. Plaintiff contends the evidence and reasonable inferences therefrom support the jury's finding that the County either ratified Defendant Banks' use of excessive force or had a policy or custom of permitting use of force.

Plaintiff may establish liability against the County if he proved either Defendant Banks committed the constitutional violation pursuant to a longstanding practice or custom which constitutes the standard operating procedure of the local government entity or (3) an official with final policy-making authority ratified Defendant Banks' unconstitutional action. *Hopper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001). "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy'" and founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). The custom or practice must be the moving force behind the constitutional violation. *Id.* at 694.

The jury heard testimony regarding the numerous incidents involving use of force by Defendant Banks, that many of the incidents were not investigated or that cursory investigations were conducted. Additionally, expert testimony explained that the failure to provide proper training on use of force and not properly investigating

uses of force sends a message that the use of excessive force is acceptable. Drawing all reasonable inferences in favor of Plaintiff, the Court finds there is sufficient evidence to support the jury's determination the County is liable under *Monell*. Furthermore, the verdict is not contrary to the clear weight of the evidence.

**3. Negligence and Comparative Fault**

Defendants contend the jury's determination that Defendants were negligent and Plaintiff bore zero responsibility is inconsistent with the evidence presented at trial. They maintain there was no conduct on the part of Defendants that made the use of force unreasonable and, therefore, they cannot be negligent as a matter of law. Defendants also argue, Plaintiff bore some responsibility by failing to promptly comply with Defendants' lawful orders and instructions.

Plaintiff argues the evidence that establishes the use of force was excessive necessarily demonstrates Defendant Banks' action constituted an act of negligence. He also argues in addition to evidence demonstrating the force was excessive, there was evidence that Plaintiff was fully in the custody and control of the law enforcement officers when the force was used.

As discussed above there was sufficient evidence at trial to support the jury's finding that the force used against Plaintiff was unreasonable. Moreover, Plaintiff testified that he was unable to hear the commands while the dog was barking and that the commands were coming from multiple officers and those he heard were conflicting. Additionally, there was testimony that Plaintiff was being held by the officers when Defendant Banks punched him in head and he was bitten. The Court finds there is sufficient evidence supporting the jury's finding that Plaintiff bore no fault for his injuries. In addition, the finding is not contrary to the weight of the evidence.

**B. Jury Award**

Defendants argue the award of $5,000,000 is untethered to reality, unsupported by substantial evidence and a result of passion and prejudice, and warrants a new trial

or, at a minimum, remittitur. Defendants maintain the evidence does not support the jury's finding that Plaintiff suffered $800,000 in past non-economic damages or that he will experience an additional $4,200,000 in non-economic damages and the amount awarded demonstrates the jury acted out of passion, prejudice, and an intent to punish. In support, Defendants point to Plaintiff's medical records which demonstrate Plaintiff suffered an atraumatic head injury and three lacerations on his chest, that he experienced no loss of consciousness and Dr. Dean Delis, medical expert, opined that Plaintiff suffered, at most, a Grade 1 concussion. Additionally, they contend Plaintiff himself testified that he refused medical assistance, he did not report any head trauma when he was first examined and he has not felt any physical pain in years. They further contend Plaintiff had only a single appointment for psychiatric treatment and made no attempt to mitigate any psychological injuries.

Plaintiff argues Defendants ignore evidence detailing the trauma, humiliation, and anxiety he endured as a result of the event. He points to his testimony regarding the details of the encounter and how he was placed in the patrol car by Defendant Banks who told Plaintiff the incident would not have happened had Plaintiff not been a "retard" and listened to Banks' orders and that the physician stated "look what the dog drug in" when he arrived at the hospital. He also maintains he testified that his scar is a constant reminder of the event and that he fears for his sons and that he is unable to protect them from similar harm. Plaintiff also discusses the testimony of his family members regarding his behavior after the incident which included testimony that he withdrew and did not participate in family events. Additionally, Plaintiff contends Dr. Monte Buchsbaum testified that Plaintiff suffered from traumatic brain injury, PTSD, depression and anxiety and opined that Plaintiff will suffer from depression, anxiety and PTSD for the rest of his life. Plaintiff argues the jury was properly instructed to base its verdict on the evidence and law presented and not be influenced by sympathy, prejudice, public opinion or biases.

A jury's determination on damages is afforded substantial deference and should

be upheld unless it is "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1028 (9th Cir. 2008). "Compensatory damages may be awarded for humiliation and emotional distress established by testimony or inferred from the circumstances, whether or not plaintiffs submit evidence of economic loss or mental or physical symptoms." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1086 (9th Cir. 2009) (quoting *Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir.1994)). Emotional damages awards need not be supported by objective evidence and may be based solely on testimony. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 513 (9th Cir. 2000).

The jury found Defendant Banks used unreasonable force against Plaintiff. Expert testimony and other evidence at trial demonstrated the extent of physical, mental and emotional trauma Plaintiff suffered as a result of the unreasonable force, including traumatic brain injury, PTSD, depression and anxiety. *See* TR 1888-93, 1903-07; 2178-85, 2187-90, 2213-2214, 2216, 2225-26, 2228-29; 2618-24, 2628-35, 2641-1259, 2661-66, 2671, 2673, 2679. Additionally, Plaintiff, his wife, brother and father all testified about the fear and anxiety Plaintiff demonstrated after the incident when he encountered police and the detrimental effect on Plaintiff's interactions with his family members including his children and specifically feeling powerless to protect his children from similar harm. TR 1101, 1108-14; 1212-14, 1219, 1237-42, 1244-45; 2460-65, 2467, 2470-75; 4070-71, 4076-80, 4082-87, 4090-93, 4099-4105, 4107-16, 4119-24. Plaintiff's father also testified regarding Plaintiff's anxiety and belief he was under surveillance while at home and Plaintiff also testified that his fear the police were following him was heightened when he learned Defendants surveilled him during the pendency of the action. TR 1238, 4107-10.

The Court finds there was significant evidence presented at trial of Plaintiff's mental and emotional trauma in addition to the evidence of the physical trauma he

suffered as a result of Defendants' conduct. The evidence and testimony sufficiently demonstrates the jury award was not based upon speculation or guesswork or a result of passion or prejudice. The Court further finds the amount is not so grossly excessive as to warrant a new trial or be reduced by way of remittitur. Accordingly, Defendants' motion is DENIED.

### C.  Revival of the *Monell* Claim

Defendants argue this Court's revival of Plaintiff's claim under *Monell* without providing Defendants an opportunity to prepare, imposing expert sanctions and denying their motion to bifurcate deprived them of due process and warrants a new trial. Defendants argue reinstatement of the *Monell* claim and related orders changed the course of the trial and denied Defendant a meaningful opportunity to address the reinstated claim. "Sanctions interfering with a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983) (citing *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 648 (9th Cir.1978)).

This Court reinstated the *Monell* claim and made other related orders including prohibiting Defendant from rebutting any supplemental report prepared by Plaintiff's expert as a sanction for Defendants' failure to propound requested discovery and failure to provide accurate privilege logs pursuant to Federal Rule of Civil Procedure 37(b). The Court found Defendant's conduct interfered with Plaintiff's ability to prove his claims. Specifically, Defendants' discovery abuses significantly impaired Plaintiff's efforts to adequately defend against Defendants' dispositive motions and to prepare for trial resulting in substantial prejudice to Plaintiff, including dismissal of the *Monell* claim and an inability to timely locate relevant evidence. As such, the reinstatement of the *Monell* claim and related orders was directly related to Defendants' improper conduct.

This Court considered and rejected Plaintiff's requested sanctions of a directed

verdict against the County of San Diego upon finding the less drastic sanctions appropriate. Additionally, the Court, after reconsidering, continued the trial date over Plaintiff's objection to permit the Defendants an opportunity to prepare its defense against the *Monell* claim.

This Court's issuance of sanctions did not deprive Defendants' due process and, therefore, a new trial is not warranted.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion for judgment is **DENIED**;

2. Defendants' motion for a new trial is **DENIED**;

3. Defendants shall file a response to the motion for attorney fees and costs **on or before May 15, 2023**;

4. Plaintiff may file a reply in support of his motion **on or before May 24, 2023**;

5. *The motion will be deemed under submission at that time unless otherwise ordered by the Court*.

DATED:  May 4, 2023

_____
THE HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE